EUGENE HAHNEL, Appellant, v. HIGHLAND PARK COLLEGE, Appellee.

**APPEAL AND ERROR:** Directed Verdict—Evidence Considered—
1 **Presumption.** The presumption exists that the court, in ruling on a motion for a directed verdict, considered all evidence introduced up to that stage of the trial.

**APPEAL AND ERROR:** Contract of Employment—Master and Serv-
2 ant—Directed Verdict. Evidence reviewed and held to present a jury question on a contract of employment, and whether the same was or was not divisible.

**FRAUDS, STATUTE OF:** Parol Contract of Employment—Taking
3 Contract Out of Statute—Part Performance. A parol contract of employment, within the statute of frauds, is not a void contract but is unprovable. In so far as it has been performed, it has been taken out of the statute.

*Appeal from Polk District Court.*—HON. C. A. DUDLEY, Judge.

MONDAY, MAY 10, 1915.

REHEARING DENIED SATURDAY, OCTOBER 2, 1915.

ACTION at law to recover a balance alleged to be due for services rendered by plaintiff to the defendant as a teacher of music from September 1, 1912, to September 1, 1913. The petition was in two counts. In the first, the plaintiff alleged a parol contract of employment at the rate of $1,800 per year, and the payment of $1,650. In the second count, plaintiff sought to recover the same amount, $150, upon a *quantum meruit*. At the close of the plaintiff's evidence, the defendant moved for a directed verdict, because, as to the first ground, no evidence was introduced showing a verbal contract for one year,—that the evidence, if it proves anything, proves a ver-

bal contract for three years,—and because the evidence so far shows that there had been a written contract for five years, which had expired, and these services rendered afterwards were without any special contract other than the three year contract; that no recovery could be had upon a *quantum meruit*, there being only an implied contract for services upon the terms of the previous written contract, the terms of which are not shown, and therefore there could be no recovery at all.   Before the ruling upon this motion, by agreement of parties, the defendant offered the evidence of Dr. Longwell, president of the defendant college, who identified the prior written contract of employment between plaintiff and defendant from September 1, 1907, to September 1, 1912, at $1,500 per year, and by agreement, the contract was offered in evidence.   This written contract was complied with by both parties.   Dr. Longwell also testified as to the conversation between plaintiff and himself in regard to the employment of plaintiff after the expiration of the written contract from September 1, 1912, which will be later referred to.   Thereafter, defendant's motion was sustained and judgment rendered against plaintiff for costs.   Plaintiff appeals.—*Reversed.*

*Dunshee & Haines,* for appellant.

*R. L. Parrish,* for appellee.

PRESTON, J.—1. There is a controversy between counsel as to whether the trial court did or should have considered the testimony of Dr. Longwell, introduced pending the motion for a directed verdict.   It does not appear whether or not defendant had introduced all its testimony.   It is stated in argument that the testimony of this witness was taken as a matter of accommodation, because the witness could not be present later. We do not know whether the court considered the testimony thus introduced on behalf of defendant or not.   If the court did not consider it, then, for reasons stated later in the

1. APPEAL AND ERROR: directed verdict: evidence considered: presumption.

opinion, we think there was a jury question on the undis-
puted evidence of plaintiff. If the court did consider the
defendant's evidence, as we assume it did, because the evi-
dence was offered and received before the ruling, then we think
there was a conflict in the evidence of plaintiff and defend-
ant for the determination of the jury.

2. Defendant in its answer admitted the payment of
$1,650 and alleged that this was all plaintiff's services were
worth, and filed a counterclaim alleging that about September
1, 1912, the prior written contract was ex-

2. APPEAL AND
ERROR: con-
tract of em-
ployment:
master and
servant: di-
rected verdict.

tended by verbal arrangement, by which plain-
tiff was to continue in the employ of defend-
ant for a term of three years more upon sub-
stantially the same conditions, except that
plaintiff was to have, during the first year, a salary of $1,800,
the second year, $1,900, the third year, $2,000 per annum;
that plaintiff entered upon the performance of said verbal
agreement, but left the employment of defendant and repu-
diated the contract, causing defendant damages for the breach
thereof in the sum of $200.

Plaintiff demurred to the counterclaim on the ground that
the three-year verbal contract was void under the statute of
frauds. The demurrer was sustained. It is contended by
appellee that plaintiff, having induced the court to hold such
a contract void, may not change his position and now rely
upon the same contract. But we do not understand plaintiff
to claim there was a three-year contract, or to rely thereon.
His contention is that the contract between plaintiff and de-
fendant is enforcible for the year during which plaintiff per-
formed services for the defendant, at the rate of $1,800 per
year. Plaintiff testified:

"During the year commencing September 1, 1912, and
ending September 1, 1913, I was teaching in Highland Park
College. I know the reasonable value of such services. They
were worth $3,060. About the first of September, 1912, I

talked with Acting President Dr. Longwell; I was asked how much salary I wished, and I told him $2,000 a year. To this he replied that it was too much, but he would give me a sliding scale for three years, beginning with $1,800, then $1,900, and finally $2,000. There was nothing definite stated as to how long I was to remain with the college. There was no written agreement between the college and myself after my talk with Dr. Longwell. August 30th, upon receipt of a telegram from St. Louis, I handed in my resignation to take effect September 1st. At first Dr. McGill said he would not let me go, but upon my stating further circumstances he accepted my resignation and wished me well and God-speed.''

Dr. Longwell, whose testimony was taken under the circumstances before indicated, testified in regard to this conversation and gives it substantially as plaintiff, except that he says:

''As I remember, Mr. Hahnel said he thought that he ought to have the $2,000, but that he was willing to accept the contract on the sliding scale. Q. That is, for three years? A. For three years. If plaintiff had simply stayed one year, I should not have considered his services worth more than $1,600. I make the distinction between working for three years and one year because we plan ahead, and if we can have a man two or three years, or five years, we can get more income than to have a man just for one year and the students don't know whether he is going to be there the next year or not.''

It will be noticed that the testimony of defendant's witness, Dr. Longwell, was introduced after plaintiff's demurrer to the counterclaim was sustained, and the defendant is the one who is now claiming that the contract was for three years, if there was any contract at all.

3. It is contended for appellee that where a contract is entered into by which one person agrees to perform ser-

vices for another for a definite time, and at a stated salary, and such services are continued after the expiration of the term, without objection by the employer and without any new agreement, the law raises a presumption that the parties have assented to a continuance of the services at the same salary; that the appellant continued after the expiration of the five years to render similar services for appellee for another year, without any further contract, hence at presumably the same salary of $1,500 per annum; that he was in fact paid $1,650 for his services during this time.

Appellant concedes the rule, but contends that the presumption is not conclusive, and does not apply to the facts of this case, because the evidence shows that there was a new arrangement. That a new contract was entered into between the parties for the services of plaintiff after the term of the prior written contract had expired is quite clear. Not only does the plaintiff so allege and testify, but so also does Dr. Longwell for the defendant. Plaintiff objected to continuing at $1,500 per year. His demand for an increase of salary was specific, and Dr. Longwell concurred in an increase. The uncontroverted testimony is that an offer was made following negotiations, and then the plaintiff entered upon the employment. There is a square conflict between plaintiff and Dr. Longwell as to whether "there was nothing definite stated as to how long I was to remain with the college", as stated by plaintiff, or whether it was agreed that he should stay three years, as stated by Dr. Longwell. This was for the jury. A significant fact bearing upon this question, and also upon the question as to the defendant's own construction of the contract, is that after September 1, 1912, defendant paid plaintiff for his services rendered after that date seven installments of $225, covering a period of six weeks each. Defendant also sent plaintiff a check for $75.00 for services rendered from the 15th of July to the first of August, making a total of $1,650. Plaintiff so testified, and it is not denied. This makes $1,650 for eleven months, or $150 per month, and is

at the rate of $1,800 per year. Plaintiff is claiming in this action $150 for the last month of his service. It is difficult to reconcile this fact with the defendant's claim that plaintiff continued his services at the rate of $1,500 per year, provided in the prior written contract. Furthermore, defendant accepted plaintiff's resignation and consented that he might discontinue his services after September 1, 1913. It may be thought that the fact of plaintiff's resigning may be a circumstance against him as tending to show that the contract was for three years; because if it was for only one year, there would be no necessity for a resignation at the end of that year, that is, September 1, 1913; but it is not inconsistent with plaintiff's contention that a new arrangement was entered into after the expiration of the five-year written contract, and that the presumption relied upon by the defendant at this point does not obtain.

4. It seems to have been the theory of the trial court and of defendant that the contract testified to by the parties is a three-year contract, and that plaintiff performed services under it for but one year, and that there was no contract for one year. We are of opinion that it cannot be said, as a matter of law, that the contract as testified to by both witnesses for plaintiff and defendant is a contract for a definite term of three years. And, as before indicated, there is no presumption that plaintiff continued under the old contract at the same compensation, because there was, under this evidence, a new contract. The question at this point is what the parties intended; that is, how was the contract to be construed? Even under the contract as testified to by defendant's president, we think the contract is divisible; that is to say, as he gives the conversation there was no condition that plaintiff should not receive $1,800 for the first year unless he remained three years. Dr. Longwell did not say that the offer of the initial increase to $1,800 was made on condition that plaintiff should agree to remain for three years, nor did he make the condition of the subsequent increases an agreement by plaintiff to stay

for the three-year term. Plaintiff did perform services for the first year and was paid at the rate of $1,800 per year. Defendant itself seems to have placed the same construction upon the contract as we have given it, at least for the first year, and we think plaintiff has an enforcible contract for the year in question; at least it was a question for the jury under proper instructions, had they adopted plaintiff's version that no definite time was agreed upon. We do not, of course, know what the evidence will be on another trial. We have discussed the question on the record as now presented. As before indicated, under the evidence of either plaintiff or defendant, there was a jury question, under proper instructions.

5. There is another phase of the question as to the three-year parol contract and the statute of frauds. This has not been argued, but is barely suggested by counsel for one of the parties. Even though it be conceded that the parol contract was within the statute, it would not be a void contract in the strict sense of the word, but a contract which could not be proven; that is, the statute provides, substantially, that evidence as to such contract is not admissible unless it is in writing. Assuming that the testimony with reference to the conversation was inadmissible against proper objection, nevertheless it was admitted, and now the record shows that there was an understanding both on the part of plaintiff that he was not giving his services at the rate of compensation fixed in the old written contract, and on the part of Dr. Longwell that the college was not receiving his services on the basis of the former compensation. On this theory, the contract has been proven by the defendant, and that is its contention: that there was a three-year contract. The testimony of Dr. Longwell went in after the court had sustained plaintiff's demurrer to the counterclaim. The defendant has not appealed from that ruling or any other.

3. FRAUDS, STATUTE OF: parol contract of employment: taking contract out of statute: part performance.

6. We have held that contracts for services partly per-

formed are, to the extent of the performance, taken out of the statute. *Murphy v. DeHaan,* 116 Iowa 61.

7. In view of what has been said, it is, perhaps, unnecessary to discuss the question of *quantum meruit.* We shall not do so at any length. The second count is on the theory of recovering in the absence of a special contract for the reasonable value of the services performed. Counsel for appellee concede that this would be a feasible theory, except for the presumption which exists that the plaintiff's services were to be remunerated at the same rate as under the expired term. It is appellee's theory that, because of this presumption, the plaintiff cannot recover on a *quantum meruit.* We have already indicated that, as we view the record, the presumption does not obtain. The appellant's motion to strike the additional abstract is overruled.

For the reasons given, the judgment is—*Reversed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.