S. LEWIS DOUGHTY *vs.* GIFFORDLINE CHEMICAL CO., INC.

MAY 2, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an action of special assumpsit seeking to recover damages for breach of an oral contract of employment not to be performed within the space of one year. The defendant pleaded the statute of frauds to which the plaintiff replied "precludi non" by reason of part performance. The defendant demurred to the plaintiff's replication and the trial justice, holding that part performance is insufficient to avoid the statute of frauds, sustained the demurrer. The case is before us on the plaintiff's bill of exceptions to that ruling.

The plaintiff in his amended declaration alleged that on or about May 9, 1960 defendant corporation by its agent or servant undertook and promised plaintiff to employ him as sales manager from and after August 1, 1960 at a salary of $13,000 per year to be paid in installments of $250 per week. Pursuant to such agreement plaintiff did work for defendant corporation from August 1, 1960 to March 6, 1961, at which time he was discharged.

The defendant, in addition to the general issue, pleaded specially averring in substance that because the contract was not in writing recovery was barred by reason of G. L. 1956, §9-1-4, cited as the statute of frauds. The plaintiff thereupon filed his replication alleging that he had in fact entered into the employ of defendant under the contract, working for several months, and that by virtue of such actual employment, the contract was taken out of the statute of frauds by reason of part performance.

While conceding the almost universal rule to be that mere part performance of an oral contract not to be performed within a year does not take it out of the operation of the statute of frauds, 6 A.L.R.2d 1067, plaintiff nevertheless argues that in Rhode Island recovery may be predicated upon such contracts. In support of this contention he cites G. L. 1956, §9-6-15, which states:

"In any action at law, pending in the superior court, the plaintiff or the defendant may plead any equitable defense, upon which an unconditional judgment can be rendered for the party pleading the same; provided, that if such case be brought from a district court, such equitable plea shall be filed as other pleas are required to be filed in cases brought from district courts."

He attempts to distinguish *Sutcliffe* v. *Atlantic Mills,* 13 R. I. 480, and *Fuller* v. *Apco Mfg. Co.,* 51 R. I. 378, both of which follow the majority rule, by claiming that those cases arrived in this court "in a different posture," and that neither plaintiff took advantage of §9-6-15. Since part performance is an equitable doctrine, see *Ham* v. *Massasoit*

*Real Estate Co.*, 42 R. I. 293, and since equitable defenses may be pleaded in an action at law by virtue of the above-mentioned statute, he argues, defendant's demurrer should have been overruled.

In so contending, however, plaintiff misconceives the effect of §9-6-15. While it is true that because of this statute equitable defenses may now be pleaded in actions at law, still if the defense pleaded is insufficient to withstand a demurrer nothing is gained thereby. The trial court's ruling on the demurrer was based, not on the ground that an equitable defense could not be pleaded in an action at law, but rather upon the substantive ground that part performance may be successfully pleaded only when, on the facts alleged, the party relying on the statute of frauds may be held to be estopped. *Wolfe* v. *Wallingford Bank & Trust Co.*, 124 Conn. 507. The reason of course is that the statute should not be permitted to work a fraud in contravention of its "raison d'etre."

While it is true that *Sutcliffe* and *Fuller* were reviewed by us after trial rather than at the pleading stage, thus arriving before us in a different posture, such distinction is meaningless. Our opinion in *Sutcliffe* handed down prior to the Court and Practice Act of 1905, the predecessor of the present §9-6-15, does not disclose the pleadings. Nevertheless the plaintiff there proved part performance, whether or not he specially pleaded it. In *Fuller* part performance was not specially pleaded, but it was alleged in the first count of the plaintiff's declaration. Thus those cases stand as precedents for the rule that part performance of an oral contract not to be performed within a year does not take such a contract without the statute of frauds.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

Frost, J., did not participate in the decision.

*Eugene F. Cochran, Aram K. Berberian,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley,* for defendant.