Morris POLLMANN, Appellee,

v.

BELLE PLAINE LIVESTOCK
AUCTION, INC.,
Appellant.

No. 96–503.

Supreme Court of Iowa.

July 23, 1997.

Joseph E. Day and Kay M. Johansen of Hines, Pence, Day & Powers, P.C., Cedar Rapids, for appellant.

Robert Wilson of Wilson & Matias, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Appellee Morris Pollmann filed this lawsuit when his employer, appellant Belle Plaine Livestock Auction, Inc., terminated Pollmann's employment after he had completed one year of what he believed to be a three-year contract. A jury found the defendant had breached its employment agreement with Pollmann and had negligently misrepresented to Pollmann that he would be given three years to make the defendant's auction business profitable. The defendant appeals from the court's judgment entered on the jury's verdict. Although we conclude the breach-of-contract claim was not supported by competent evidence, we find no error in the submission of the negligent misrepresentation claim and so affirm the damage award under that theory of liability.

I. *Background Facts and Proceedings.*

Belle Plaine Livestock Auction, Inc. was a livestock auction barn and hog-buying station in Belle Plaine, Iowa. It had been losing money for some time prior to 1993 and its board of directors believed a new livestock auction manager was needed to turn the business around. In mid-March 1993, the hog-buying manager for the auction barn contacted Pollmann, a former employee, who was then working for a livestock business in Wisconsin. The evidence at trial showed there were then several meetings and numerous conversations between the directors and Pollmann concerning the possibility of his return to the auction barn. Although the parties disagreed at trial on whether they talked about a three-year term of employment, there was substantial evidence of discussions between the Board and Pollmann focusing on a three-year time frame in which the business could be turned around.

Eventually, the board approved hiring Pollmann and in June 1993, Pollmann signed a written contract accepting a position as livestock auction manager. Pollmann left his job in Wisconsin, where he had been offered a promotion, and moved with his wife and children to Belle Plaine.

Despite Pollmann's efforts to improve the defendant's business, the auction barn continued to lose money and in June 1994, the board voted to dissolve the company. Pollmann's employment was terminated a month later. Although Pollmann's written employment agreement did not state the length of his employment, he contended he was hired for a three-year term. The defendant disputed this claim.

Pollmann brought this action claiming the auction barn had breached its oral, three-year employment contract with him and had negligently misrepresented that he would be given three years to make the auction business profitable. In response to special verdict forms, the jury found (1) Pollmann had proved the defendant had breached its contract of employment with him, and (2) Pollmann had established his claim for negligent misrepresentation. The jury found the dollar amount of damages to which Pollmann was entitled under his breach-of-contract claim, but, in accordance with the trial court's instructions, did not determine damages under the negligent misrepresentation theory.[1] The trial court then entered judg-

---

1. This case was submitted to the jury on special interrogatories. Interrogatory 4 asked the jury

ment on the contract claim. The defendant appeals.

## II. *Breach of Contract.*

■ A. *Scope of review.* The auction barn contends on appeal the judgment entered on Pollmann's breach-of-contract claim must be reversed because the trial court erroneously admitted parol evidence of the alleged three-year contract in violation of Iowa's statute of frauds. Pollmann responds that partial performance of the contract takes this case outside the scope of the statute. The trial court allowed evidence of an oral contract on the basis that the exception of part performance applied. We review the trial court's decision to admit this evidence for correction of errors of law. *See Knight v. Anderson,* 292 N.W.2d 411, 412 (Iowa 1980) (reviewing district court's holding that part-performance exception to statute of frauds did not apply for correction of errors of law). The trial court's factual findings are binding on us if supported by substantial evidence. Iowa R.App. P. 14(f)(1).

■ B. *Merits.* Iowa Code section 622.32 makes evidence of certain contracts inadmissible, unless in writing and signed by the party to be charged. Iowa Code § 622.32 (1995). Four categories of contracts are included in the statute: (1) contracts in consideration of marriage; (2) suretyship contracts; (3) contracts creating or transferring an interest in real property; and (4) contracts that are not to be performed within one year of their making. *Id.* The statute of frauds does not void such oral contracts; it simply makes oral proof of them incompetent. *Sun Valley Iowa Lake Ass'n v. Anderson,* 551 N.W.2d 621, 630 (Iowa 1996).

Pollmann concedes a three-year employment contract is within the terms of the statute of frauds. *See* 2 E. Allan Farnsworth, *Farnsworth on Contracts* § 6.4, at 115–16 (1990) (stating "a promise by A to work for B for five years is within the one-year provision" of the statute of frauds)

[hereinafter *Farnsworth on Contracts* ]. He claims, however, this case falls within an exception to the statute for part performance.

■ Iowa Code chapter 622 includes a section providing for exceptions to the statute of frauds. *See* Iowa Code § 622.33. Section 622.33 is limited, however, to real estate contracts. *Id.* We have interpreted this statute as taking an oral contract to create or convey an interest in real estate outside the statute of frauds under two circumstances. First, where a party has rendered part performance, the statute of frauds does not apply. *Gardner v. Gardner,* 454 N.W.2d 361, 363 (Iowa 1990); *Recker v. Gustafson,* 279 N.W.2d 744, 748–49 (Iowa 1979). Second, proof of the elements of promissory estoppel will also remove an oral contract involving an interest in real estate from the statute of frauds. *Johnson v. Pattison,* 185 N.W.2d 790, 795 (Iowa 1971); *Miller v. Lawlor,* 245 Iowa 1144, 1152–53, 66 N.W.2d 267, 272 (1954). This latter exception is based on the language in section 622.33 making the statute of frauds inapplicable to a real estate contract upon proof of "any other circumstance which, by the law heretofore in force, would have taken the case out of the statute of frauds." *Miller,* 245 Iowa at 1152–53, 66 N.W.2d at 272; *cf. Warder & Lee Elevator, Inc. v. Britten,* 274 N.W.2d 339, 343 (Iowa 1979) (applying principles of promissory estoppel to contract for the sale of goods governed by Uniform Commercial Code (U.C.C.) statute of frauds, relying on U.C.C. statute preserving common law principles such as estoppel). Chapter 622 makes no similar provision excepting contracts not to be performed within one year from the statute of frauds.

With respect to such "one-year" contracts, we have said that "[c]ontracts within the statute are not void, and, if performed or partly performed, they are, *to the extent of such performance,* taken out of the statute." *Murphy v. De Haan,* 116 Iowa 61, 62–63, 89

---

to set the damages for breach of contract. Interrogatory 5 asked the jury to determine damages for negligent misrepresentation. The jury was directed not to answer interrogatory 5 if it filled in a dollar amount in answer to interrogatory 4.

This direction was added at the request of Pollmann's attorney who was concerned the jury might believe Pollmann would be allowed to "recover twice." The defendant's attorney expressed no objection to this procedure.

N.W. 100, 100 (1902) (emphasis added) (also noting "[i]f the action were to recover damages for breach of contract, a different rule would apply"); *accord Glass v. Minnesota Protective Life Ins. Co.,* 314 N.W.2d 393, 395–96 (Iowa 1982); *Hahnel v. Highland Park College,* 171 Iowa 492, 498–99, 152 N.W. 571, 573 (1915); *see also Johnson v. Edwards,* 569 So.2d 928, 929 (Fla.Dist.Ct.App. 1990) (stating it is "now well established that partial performance of a contract for personal services is not an exception to the provisions of the Statute of Frauds"); *Health Delivery Sys., Inc. v. Scheinman,* 42 A.D.2d 566, 344 N.Y.S.2d 190, 192 (1973) ("Nothing short of full performance by both parties of an oral contract of employment will take the agreement out of the statute."); *Doughty v. Giffordline Chem. Co.,* 96 R.I. 223, 190 A.2d 480, 481 (1963) ("conceding the almost universal rule ... that mere part performance of an oral contract not to be performed within a year does not take it out of the operation of the statute of frauds"); *Farnsworth on Contracts* § 6.9, at 161 ("Though there is no exception for a party's part performance of a contract within the one-year provision, most courts have held that a party who has *fully performed* such a contract can enforce it.") (emphasis added). *See generally* 2 Arthur Linton Corbin, *Corbin on Contracts* § 459, at 581–89 (1950) (discussing doctrine of part performance in context of oral contracts not to be performed within one year) [hereinafter *Corbin on Contracts* ]. The Restatement (Second) of Contracts has illustrated this rule in the following manner:

> A and B contract orally for A's employment by B at a stated salary for the ensuing two years. A works under the contract for 15 months when B discharges him without cause. The contract is not withdrawn from the operation of the Statute, and A may not recover damages for the wrongful discharge. But A may recover any unpaid salary.

Restatement (Second) of Contracts § 130 cmt. e, illus. 15, at 331 (1981); *accord* W.R. Habeeb, Annotation, *Performance as Taking Contract Not to Be Performed Within a Year Out of the Statute of Frauds,* 6 A.L.R.2d 1053, 1067 (1949) ("Generally, the mere part performance of an oral contract not to be performed within a year does not take it out of the operation of the statute of frauds in actions at law.").

Nonetheless, our court of appeals has applied the partial-performance exception to a contract not to be performed within one year, concluding that such performance allowed the plaintiff to recover on the *entire* contract. *See Netteland v. Farm Bureau Life Ins. Co.,* 510 N.W.2d 162, 166–67 (Iowa App.1993). In *Netteland,* the plaintiff claimed he had an oral agreement with Farm Bureau to operate a day-care center for children of Farm Bureau's employees. *Id.* at 164. Farm Bureau contended the statute of frauds precluded the plaintiff from proving an oral contract because the contract the parties had allegedly negotiated was for a five-year period. *Id.* at 166. The court of appeals held the trial court had properly permitted parol evidence of the contract under the part-performance exception to the statute of frauds. *Id.* It concluded the plaintiff's acts of hiring employees for the day care and selecting a director "were done by [plaintiff] in accordance with the agreement" and "constituted partial performance." *Id.* Therefore, the court of appeals held, the statute of frauds was not applicable and parol evidence was admissible. *Id.*

We question the validity of the *Netteland* decision. *See Corbin on Contracts* § 459, at 231 (Supp.1997) (criticizing *Netteland,* saying "[i]f the statute of frauds means anything, surely this case ought not to have gone to the jury"). The cases upon which the court of appeals relied for authority were all real estate cases, applying a part-performance exception to the statute of frauds under the authority of section 622.33. As noted earlier, there is no comparable statutory exception for contracts not to be performed within one year. Nevertheless, the auction barn does not contend on appeal that the partial-performance exception does not apply to employment contracts. Therefore, we will not consider the legal question of the applicability of this exception to the contract at issue here, but rather will focus on whether there is substantial evidence to show part performance such as would meet the requirements of this exception.

■ Part performance will remove a real estate contract from the statute of frauds only when the acts constituting partial performance are referable exclusively and unequivocally to the contract. *Knight,* 292 N.W.2d at 416; *In re Estate of Lindsey,* 254 Iowa 699, 711, 118 N.W.2d 598, 605 (1962). We have said if the acts claimed as part performance can be explained without reference to the alleged oral contract, they do not take the contract out of the statute of frauds. *Davis v. Davis,* 261 Iowa 992, 1003, 156 N.W.2d 870, 877 (1968).

We conclude the part-performance exception is of little assistance in wrongful discharge cases because an employee's abandonment of one job and commencement of another are typically just as consistent with an at-will contract as they are with a multi-year contract. Although the employee's acts may be referable exclusively and unequivocally to a contract of employment, such acts of part performance do nothing to establish that the employment contract is for more than one year—the critical factor for purposes of the statute of frauds. The statute of frauds for contracts not to be performed within one year would be meaningless in the employment context if commencement of employment constituted partial performance and barred application of the statute.

■ Turning to the facts of this case, we conclude Pollmann's acts of leaving his former job, refusing a promotion, moving his family to Belle Plaine and starting to work for the auction barn are not referable unequivocally to a three-year contract of employment, despite his testimony he would not have taken these steps but for the promise of long-term employment. The same actions would have been necessary had he accepted a position as an at-will employee of the defendant. *See Hudson v. Venture Indus., Inc.,* 243 Ga. 116, 252 S.E.2d 606, 608 (1979) (holding employee's acts of leaving at-will employment, refusing another job offer, moving to new location and commencing employment did not constitute part performance sufficient to remove contract from statute of frauds because acts did not verify the five-year contract alleged by the employee, but were just as consistent with employment terminable at will). Thus, the part-performance exception will not extract Pollmann's alleged employment contract from the statute of frauds.

In summary, we hold there is insufficient evidence to support the trial court's finding that Pollmann's acts constitute part performance so as to render the statute of frauds inapplicable. Therefore, the trial court erred in admitting parol evidence of this contract. Without the proffered oral testimony to prove a three-year employment agreement, there was insufficient evidence to submit the breach-of-contract claim to the jury. Because we conclude the contract claim should not have been submitted, we need not consider other errors claimed by the auction barn in connection with this theory of liability.

### III. *Negligent Misrepresentation.*

Pollmann claims that even if his breach-of-contract claim was erroneously submitted to the jury, the damage award can still be upheld under his theory of negligent misrepresentation. The defendant disagrees, contending the trial court erred in denying its motion for directed verdict on the negligent misrepresentation claim because Pollmann could not prove the justifiable reliance element of that theory. The auction barn argues alternatively the case should be remanded (1) to allow it to challenge the applicability of the theory of negligent misrepresentation to an employment-at-will relationship, and (2) to permit the jury to calculate damages for any negligent misrepresentation. We now turn to these issues.

■ A. *Justifiable reliance.* The auction barn first challenges the sufficiency of the evidence to support a finding of justifiable reliance. The jury's findings are binding on us if supported by substantial evidence. Iowa R.App. P. 14(f)(1). In assessing the evidence, we view the record in the light most favorable to the prevailing party, indulging in all legitimate inferences that may fairly and reasonably be deduced from the evidence. *Bredberg v. Pepsico, Inc.,* 551 N.W.2d 321, 326 (Iowa 1996).

■ The tort of negligent misrepresentation requires proof that the plaintiff justifiably relied on the representation made by

the defendant. *See Barske v. Rockwell Int'l Corp.*, 514 N.W.2d 917, 924 (Iowa 1994) (listing elements of tort of negligent misrepresentation, including justifiable reliance). The trial court here instructed the jury on when a person's reliance on a representation is justified:

> Reliance is justified when a reasonably careful person would be justified in relying on the information supplied. Reliance is not justified if the person receiving the information knows or in the exercise of ordinary care should know that the information is false.

This explanation of *justifiable* reliance is very similar to that applied by the Iowa Court of Appeals in *Kaiser Agricultural Chemicals v. Ottumwa Production Credit Ass'n*, 428 N.W.2d 681, 683 (Iowa App.1988): "Reliance upon the information is justifiable if a person acting with reasonable and ordinary prudence and caution would have a right to rely on the representations."

The Restatement (Second) of Torts discusses justifiable reliance in the context of a representation of intention in section 544. Restatement (Second) of Torts § 544 cmt. c, at 96 (1977). This discussion is helpful here because the representation upon which Pollmann allegedly relied was the auction barn's statement it intended to give Pollmann three years to make the auction business profitable. The Restatement says

> [i]n order for reliance upon a statement of intention to be justifiable, the recipient of the statement must be justified in his expectation that the intention will be carried out. If he knows facts that will make it impossible for the maker to do so, he cannot be justified in his reliance.

*Id.* With these discussions of justifiable reliance as a background, we now examine the evidence on this issue.

■ The auction barn argues its declining financial health, known to Pollmann, made any guarantees that Pollmann would have three years to turn around the business un-

reliable. Because the evidence was undisputed that the auction barn had serious financial problems, the defendant concludes any reliance by Pollmann on the defendant's representations that it would give Pollmann three years to show a profit was unjustified as a matter of law.[2]

It is undisputed the facts available to Pollmann when he took the job with the auction barn showed a grim financial picture. On the other hand, there was credible evidence the directors thought it would take three years for the auction business to show a profit. They expressed their hope that under Pollmann's management this turnaround could be accomplished. Moreover, Pollmann testified he was told the auction barn had $600,000 in retained earnings that could be accessed when needed. This evidence created a jury issue on whether Pollmann's reliance on a three-year period of employment was reasonable, despite the recent financial difficulties faced by the auction barn.

■ B. *Applicability of theory in employment-at-will context.* The defendant seeks to take advantage of our recent decision in *Fry v. Mount*, 554 N.W.2d 263 (Iowa 1996). In *Fry*, we held the tort of negligent misrepresentation had no applicability to promises of long-term employment because an employer owes no duty to an at-will employee with respect to such representations. *Id.* at 266. As the defendant realizes, however, we cannot address that issue on this appeal because the defendant did not raise this issue in the district court. *See Cox v. Waudby*, 433 N.W.2d 716, 718 (Iowa 1988) (holding defendants, on appeal, could not rely on defense not raised in the district court). The auction barn makes the novel suggestion that we remand the present case to allow it to raise its lack of duty to Pollmann in the district court. We know of no authority that a party should be given a second chance to raise an issue by remanding a case to the trial court. We decline to create such authority here.

---

2. The auction barn also briefly argues Pollmann knew from his prior job with the defendant that all its employees were at-will. This fact, however, does not make it unreasonable, as a matter of law, for Pollmann to believe the board members

when they represented he would be employed for at least three years, particularly in view of the board's admitted desire to enlist Pollmann's assistance in saving the company from financial disaster.

C. *Measure of damages.* The defendant also seeks a remand on another basis. It argues the damages recoverable for the tort of negligent misrepresentation are different from the damages recoverable for breach of contract. Consequently, it submits, this case must be remanded for a determination of the damages to which Pollmann is entitled under the tort theory. We need not consider whether the damages recoverable under these theories are different, however, because that issue was not preserved for review.

Although the trial court separately instructed the jury on the damages that could be recovered under the tort and contract claims, its description of those damages was in essence identical. The trial court's apparent belief that the damages under both theories were the same explains the court's direction to the jury not to answer the special interrogatory on damages for negligent misrepresentation if the jury had awarded damages in response to the special interrogatory on damages for breach of contract. The defendant did not object to the damage instructions or the special verdict forms. Therefore, they became the law of the case. *See Poulsen v. Russell,* 300 N.W.2d 289, 294 (Iowa 1981) ("Unless objected to by a party, an instruction to the jury, right or wrong, is the law of the case.").

Because the damages Pollmann could recover under his claim of negligent misrepresentation are the same as the damages awarded to him for breach of contract, there is no need to remand this case for a trial on the negligent misrepresentation damages. We can simply affirm the judgment of the district court.

**AFFIRMED.**