# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1220

_____

| | | |
|---|---|---|
| Cornelius Moore, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Robertson Fire Protection District, by | * | District Court for the |
| and through its board of directors, | * | Eastern District of Missouri. |
| to wit:  Vince Grillo, Steve Kirwan, | * | |
| Robert S. Zoellner, in their official | * | |
| capacities, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  November 13, 2000
Filed:  May 9, 2001

_____

Before BOWMAN, HEANEY, and BEAM, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Cornelius Moore, Herschell Walker, and Gerald Williams initiated suit against the Robertson Fire Protection District (Fire District) after the Fire District decided, based on a review of their resumes, not to interview each of them for the position of fire chief.  Upon their rejection, they filed suit alleging that the Fire District had discriminated against them based upon their race in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-2 (1994). The District Court[1] granted summary judgment to the Fire District on the claims submitted by Walker and Williams, and they argue in Moore's brief to this Court (which purports to be their brief as well) that the grant of summary judgment was error. We find that Walker and Williams failed to appeal the summary judgment entered against them. Thus, we lack jurisdiction to entertain their arguments. Moore's claims proceeded to trial and a jury found in favor of the Fire District. Moore appeals the judgment entered on the verdict, claiming prejudicial error resulting from the District Court's decision not to submit a requested jury instruction and from the court's decision to limit information included in the stipulated testimony of a witness. We consider the merits of Moore's appeal and affirm.

I.

The Fire District is independently financed and operated by its local community. A publicly elected, three-member board of directors oversees its policy, personnel, and budgetary issues. In February 1998, in order to solicit applicants for its vacant fire-chief position, the board approved the placement of a help-wanted advertisement that had been prepared by an assistant fire chief who then was serving as acting fire chief. Moore, Walker, and Williams, all of whom are black, and sixteen other individuals submitted applications in response to the ad. After each board member reviewed the applications, they agreed to interview several of the applicants. One of those interviewed was black. The board did not select Moore, Walker, or Williams for an interview. They initiated this action after discovering that the board had hired David Tilley, a white who did not meet many of the requirements placed in the ad.

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

II.


We first conclude that Walker and Williams failed to appeal their summary-judgment dismissal. To appeal a district court decision, Rule 3 of the Federal Rules of Appellate Procedure requires a party to timely file a notice of appeal with the district clerk. This notice of appeal must specify the party or parties appealing, designate the judgment being appealed, and name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1).

The notice of appeal filed in this case fails to mention Walker or Williams in any way. Rather, it identifies Moore as the sole appellant.[2] Further, it specifically references the judgment issued on December 1, 1999—the date of the jury verdict on Moore's claims[3]—as the judgment being appealed.

We recognize the policy of liberally construing a notice of appeal when the intent of the appeal is obvious and the adverse party incurs no prejudice. See Hawkins v. City of Farmington, 189 F.3d 695, 704 (8th Cir. 1999); see also Fed. R. App. P. 3(c)(4). In this case, however, neither Walker nor Williams provided any indication of an intent to appeal until the submission of Moore's brief, which contains arguments on their behalf. In these circumstances, to find that we have jurisdiction over the non-existent appeal by Walker and Williams would be to expand the policy of liberal

---

[2]The Federal Rules of Appellate Procedure do not strictly require the naming of all parties appealing. Fed. R. App. P. 3(c)(1)(A). Although the Rules allow such designations as "'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X,'" id., Moore's notice of appeal contains no designations of this sort.

[3]The court granted summary judgment against Walker and Williams over three months earlier on August 20, 1999.

construction beyond its scope and effectively eliminate the procedural requirements for an appeal. Inasmuch as Walker and Williams have not appealed, we lack jurisdiction to consider their arguments.[4]

## III.

We next address the first of two issues that Moore raises on appeal. Moore claims that the District Court erred by refusing to submit a requested jury instruction regarding pretext. He argues that the omission of this instruction impermissibly prevented the jury from considering whether the Fire District's reasons for not interviewing and hiring him were a pretext for race discrimination.

The District Court submitted the following instruction as the substantive legal standard governing the jury's deliberation on whether the Fire District had discriminated against Moore on account of his race:

> Your verdict must be for Plaintiff, Cornelius Moore and against Defendant, Robertson Fire Protection District on plaintiff's claim of race discrimination if all the following elements have been proved by the greater weight of the evidence:
> First, Defendant failed to hire Plaintiff;[5] and

---

[4]The race-discrimination claims brought by Walker and Williams were dismissed on summary judgment because their resumes—unlike Moore's—carried no indicia of their race. After examining the arguments presented in Moore's brief and reviewing the record, we conclude that Walker and Williams failed to come forward at the summary-judgment stage with any evidence from which a jury could find that the Fire District decision-makers were aware of their race. Therefore, even if their arguments were properly before us they would fail on the merits.

[5]Moore's claim is that he was not selected for an interview on account of his race. But he assigns no error to the District Court's use of the word "hire," so we need not and do not address this point.

Second, Plaintiff's race was a motivating factor in Defendant's decision.

If either of the above elements has not been proved by the greater weight of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim.

This instruction is a modified version of instruction 5.01 from the Eighth Circuit Manual of Model Civil Jury Instructions (Model Instructions). The District Court further elaborated on the instruction by telling the jury that "[t]he term 'motivating factor' means a consideration that moved the Defendant towards [sic] its decision."

Moore requested that a "pretext instruction"—a modified version of Model Instruction 5.95—be submitted as an add-on to the definition of "motivating factor." This instruction read:

You may find that Plaintiff's race was a motivating factor in defendant's decision not to hire plaintiff, if it has been proved by a greater weight of the evidence that Defendant's stated reasons for its decision are not the true reason, but are a "pretext' [sic] to hide discriminatory motivation.

Addendum to Appellant's Br. at 2. The District Court determined that the pretext instruction was unnecessary and did not submit it to the jury.

It is well established that district courts are entrusted with broad discretion in the formulation of jury instructions. Laubach v. Otis Elevator Co., 37 F.3d 427, 429 (8th Cir. 1994). On appeal, we do not examine the challenged instruction in isolation, but instead consider it within the context of the entire set of jury instructions. Id. We will reverse a judgment based on instructional error only if the instructions when viewed as a whole "'contained an error or errors that affected the substantial rights of the parties.'" Ryther v. Kare 11, 108 F.3d 832, 846 (8th Cir.) (en banc), cert. denied, 521 U.S. 1119 (1997) (quoting Hastings v. Boston Mut. Life Ins. Co., 975 F.2d 506, 510 (8th Cir. 1992)).

Applying this standard of review, we conclude that the District Court did not abuse its broad discretion by declining to give an instruction on pretext. The instructions provided by the District Court presented the proper legal standard for the jury's consideration, namely, whether Moore's race was a motivating factor in his non-selection. In deciding the "motivating factor" question, the jury was free to consider Moore's evidence of pretext. In fact, our review of the record shows us that Moore introduced scant evidence of pretext. We note that Moore's entire case is built around the fact that David Tilley, the individual ultimately hired as the Fire District's chief, did not meet many of the qualifications in the employment advertisement. The facts elicited during the trial, however, offered uncontradicted, race-neutral explanations for this decision.[6]

The Fire District's board was not involved in creating the job advertisement. Rather, it performed only a cursory review of an advertisement prepared by an assistant fire chief temporarily acting as the Fire District's chief. This individual, who also applied for the permanent position as chief, prepared the advertisement with qualifications that, coincidentally or not, matched his own. Not surprisingly then, the board members, when reviewing applications and interviewing individuals, found additional qualities relevant to their decision. In particular, the evidence showed that David Tilley, the individual ultimately selected as chief, was the only applicant to mention in his resume that one of his objectives as chief would be to create a plan to help the Fire District survive during and after the expansion of Lambert Airport. Trial testimony indicated that the Lambert Airport expansion, which would greatly reduce

[6]The District Court allowed Moore's action to proceed to trial because his resume included references to multiple organizations with predominantly black membership, raising a triable fact issue as to whether those reviewing his application were aware of his race. At trial, however, the board members denied they were aware of his race, and Moore never introduced any evidence to refute their denials. In reaching its verdict, it was up to the jury to assess the credibility of the board members' testimony.

the Fire District's tax base, was considered of great importance to the continued existence of the Fire District. Additionally, Tilley had spent numerous years working in labor-management relations and was the only applicant who sought and received approval from the Fire District's union membership. The record demonstrates that serious problems had existed between the union and the previous fire chief and that the Fire District desired to alleviate the morale problems that resulted from this rift.[7] Although Tilley did not possess all of the firefighter-related experience listed in the advertisement, he had strong management and administrative skills garnered through his oversight of the business affairs of the nine-hundred-member firefighter and paramedic union in St. Louis County.[8] Given the state of the evidence, which provides little to create a fact issue on pretext, the District Court properly exercised its discretion in declining to submit a pretext instruction.[9]

---

[7]Although Moore argues that the union endorsement itself represented racial discrimination, no evidence in the record supports that argument. In fact, the surrounding circumstances weigh against any indication of racial bias. The evidence shows that David Tilley was the only person to seek the union's approval, and that the union official who initially persuaded Tilley to apply for the fire-chief position and the union shop steward for the Fire District who called the meeting to hear Tilley's request for union approval were both black. Additionally, the evidence shows that the union remained willing to hear from anyone else who came forward seeking approval.

[8]According to the evidence, the fire-chief position entails duties relating almost solely to the management and administration of the Fire District, and that other administrative positions serve to directly supervise firefighting activities within the district.

[9]We do not express any view as to whether it ever would be reversible error for a trial court to fail to give a pretext instruction, though we tend to doubt it. This Circuit has never decided whether there are any circumstances that would require such an instruction. Other circuits that have addressed the requirement of pretext instructions are split. Compare Fite v. Digital Equip. Corp., 232 F.3d 3, 7 (1st Cir. 2000) (stating that "[w]hile permitted, we doubt that such [a pretext] explanation is compulsory, even if properly requested"), Palmer v. Bd. of Regents of the Univ. Sys. of Ga., 208 F.3d

Finally, although the District Court elected not to submit a pretext instruction, it in no way prevented Moore from presenting his pretext arguments to the jury. In both opening and closing statements, Moore repeatedly argued to the jury that the explanations given by the Fire District were a pretext for race discrimination. If the jury had accepted Moore's pretext arguments it would have been required to find in his favor under the instructions provided by the District Court. Therefore, even if there were instructional error, Moore incurred no prejudice. See Karcher v. Emerson Elec. Co., 94 F.3d 502, 510 (8th Cir. 1996) (holding that a district court's decision not to provide a more detailed instruction did not cause prejudice where the party was able to make arguments on the issue to the jury), cert. denied, 520 U.S. 1210 (1997); Walker v. AT&T Techs., 995 F.2d 846, 850 (8th Cir. 1993) (stating that even when a court finds that the failure to give an instruction is error it "must determine whether that error was prejudicial" before concluding that reversal is necessary).

IV.

Moore also argues that the jury verdict should be reversed because the District Court excluded one of his witnesses from testifying. Before trial, Moore identified Gerald Williams[10] as one of his expected witnesses. During the trial, the Fire District

---

969, 974-75 (11th Cir. 2000) (holding that the failure to give a requested pretext instruction was not reversible error), and Gehring v. Case Corp., 43 F. 3d 340, 343 (7th Cir. 1994) (finding that a pretext instruction was unnecessary because it "describes a permissible, but not an obligatory, inference" that "the judge may and usually should leave . . . to the argument of counsel"), cert. denied, 515 U.S. 1159 (1995), with Smith v. Borough of Wilkinsburg, 147 F.3d 272, 280-81 (3d Cir. 1998) (holding that it is reversible error not to give a pretext instruction), and Cabrera v. Jakabovitz, 24 F.3d 372, 382 (2d Cir.) (explaining, in dicta, that the jury needs to be given a pretext instruction), cert. denied, 513 U.S. 876 (1994).

[10]As mentioned earlier, Williams was one of two plaintiffs against whom summary judgment was entered before co-plaintiff Moore's case went to trial.

offered to stipulate to the facts that Moore indicated Williams's testimony would provide. The only fact that the Fire District resisted stipulating to was the race of Williams. Over Moore's objection, the court determined that Williams's race was irrelevant and did not include it in the stipulation.

The record does not squarely support Moore's claims that the District Court refused to allow Williams to testify. The District Court understood, and Moore provided no indication otherwise, that Williams was to be called "solely for the purpose of showing that at the time he applied for the position of chief he was not retired from a job that he had been working" in.[11] Tr. vol. III at 139. Moore initially objected to the stipulation based on a mistaken belief that the court would not read the stipulation to jury. Once the court corrected this misapprehension, Moore presented no objections and proceeded to outline the facts to be included in the stipulation. Only after the Fire District declined to include the race of Williams in the stipulation did Moore present a further objection. Therefore, the crux of Moore's dispute is not that Williams was prevented from testifying but that his race was not included in the stipulation.

It is well established that we accord a district court's evidentiary rulings significant deference and will reverse only for an abuse of discretion. Allen v. Entergy Corp., 193 F.3d 1010, 1015 (8th Cir. 1999); Harris v. Sec'y, United States Dep't of the Army, 119 F.3d 1313, 1321 (8th Cir. 1997). After carefully reviewing the record, we find that the District Court did not abuse its discretion by holding that the race of Williams was irrelevant and excluding it from the stipulation.

---

[11]At the oral argument of this appeal, Moore for the first time argued that Williams would have testified to a great deal more. The record shows Moore raised no similar arguments or objections to the District Court and therefore such arguments have been waived.

Initially we note that the entire scope of the testimony that Moore expected Williams to provide appears to be of dubious relevance. The record does not intimate why the fact that Williams was not retired when he applied for the Fire District's position of chief was germane to Moore's case, regardless of whether Williams's race was included in the stipulation. Nevertheless, the District Court had the discretion to allow Moore to introduce the information, and ruled only to exclude the race of Williams. The court had already granted summary judgment against Williams because he could not present any evidence that the Fire District's board members knew his race. The decision to exclude the race of Williams in the stipulation simply represented a consistent and logical extension of the basis for the summary judgment against Williams.

Although Moore argues that the District Court prevented Williams from testifying simply as a way of preventing the disclosure of his race, there is nothing in the record to support this assertion. The record shows that Moore planned to call Williams for a very limited purpose, and that because the Fire District was willing to stipulate to those limited facts his testimony was not necessary. Only after both sides started to parse out the details of the stipulation did Williams's race emerge as an issue, and the court merely excluded it based on a finding that it was irrelevant. In fact, despite Williams's race not being disclosed in the stipulation, the record reveals that the fact that Williams is black was presented to the jury at multiple times throughout the trial.[12] In addition, the court allowed Moore to present testimony from Herschell Walker—the other black applicant who was an original plaintiff in the case—over the Fire District's objections. We conclude that the decision to omit Williams's race from the stipulation was not an abuse of discretion, and did not impact Moore's case in any event.

---

[12]The parties referenced the race of Williams repeatedly during trial, including during opening statements, the cross-examination of Robert Zoellner (one of the Fire District's board members), and the redirect of Zoellner.

V.

To sum up, Walker and Williams have not appealed the summary judgment the District Court entered against them.  We thus lack jurisdiction to hear their arguments. As to Moore, we conclude that his claims of prejudicial error are without merit; accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.