# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3102

_____

| | | |
|---|---|---|
| Jerry's Homes, Inc., | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Tamko Roofing Products, Inc., | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellee. | * | |

_____

Submitted: April 18, 2002

Filed: July 8, 2002

_____

Before BOWMAN, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Jerry's Homes, Inc., (Jerry's) is a tract builder of single family homes. Jerry's filed a complaint alleging diversity of citizenship, alleging damages stemming from defective shingles manufactured by Tamko Roofing Products, Inc. (Tamko) and installed on homes built by Jerry's. Jerry's sought recovery based upon theories of fraud and promissory estoppel. Tamko filed a summary judgment motion seeking

dismissal of Jerry's complaint. The magistrate judge[1] granted summary judgment on the fraud claims.

The promissory estoppel claim was tried to the jury, save for the fourth element, "the prevention of injustice," which was tried to the court. The jury found in favor of Jerry's and awarded $1.605 million in damages. The magistrate judge granted Tamko's post-trial motion vacating the jury verdict and ruled that Tamko had failed, as a matter of law, to prove the fourth element of promissory estoppel.

Jerry's has appealed the magistrate judge's ruling on two of the fraud claims as well as the two instructions given to the jury as to the promissory estoppel claim. This court reviews de novo the grant of summary judgment. Lynn v. Deaconess Medical Center-West Campus, 160 F.3d 484, 486 (8th Cir. 1998).

I. Fraud

Jerry's alleged in its third amended complaint that Tamko engaged in fraud when it represented that hand-sealing loose shingles was an effective method of repair that would solve the problems experienced by homeowners. The magistrate judge held this allegation of fraud failed because Jerry's never believed the statement and therefore could not have relied upon it. On appeal, Jerry's contends the court failed to recognize the true nature of Tamko's representation and failed to give Jerry's the benefit of the favorable evidence in the record.

Fraudulent misrepresentation requires "the party alleging fraud . . . prove that it relied upon the defendant's alleged fraudulent acts or statements." IBP, Inc. v. FDL Foods, Inc., 19 F. Supp. 2d 944, 949 (N.D. Iowa 1998); see also Magnusson Agency

---

[1]The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa, sitting by consent of the parties under 28 U.S.C. § 636(c).

v. Public Entity Nat'l Co.-Midwest, 560 N.W.2d 20, 27-28 (Iowa 1997). In order to prove reliance, Jerry's had to establish that it changed its position in response to Tamko's selection of hand-sealing. See Sedco Int'l, S. A. v. Cory, 683 F.2d 1201, 1206 (8th Cir. 1982).

Jerry's contends that Tamko's representations as to the efficacy of hand-sealing "materially influenced Jerry's decision as to whether, and to what degree, it should act on its own opinion." The facts of the case preclude such a holding. First, Jerry's was cognizant that, pursuant to the shingles limited warranty, it had no right concerning Tamko's selection of hand-sealing. Second, that Jerry's forbore from acting is inconsequential because Tamko owed its duty to the homeowners, not Jerry's.

Moreover, "[i]n order to be influenced by the representation, the plaintiff must of course have relied upon it, and believed it to be true." Nader v. Allegheny Airlines, Inc., 626 F.2d 1031, 1037 (D.C. Cir. 1980) (citing W. Prosser, Law of Torts, § 108 at 714 (4th ed. 1971)); see also Boyd v. Miller, 230 N.W. 851, 855 (Iowa 1930) ("The one asserting fraud must not have known that the representation was false. . . ."). Jerry's did not believe hand-sealing would be effective as demonstrated in the deposition of its representative:

> [T]hey kept promising and promising that they were going to take care of us, that they were going to service my customers, that there was not going to be a repercussion for the failure of their product, although we continued from December of '95 through the end of the hand sealing - told them that that would not work, that the manner in which they want the hand sealing done would not work, and the problem was going to continue.

In conclusion, we hold the evidence does not support finding the alleged fraudulent representation, that hand-sealing would be effective, "exerted a material

influence" on Jerry's. See Skeels v. Porter, 145 N.W. 332, 335 (Iowa 1914) (quotation omitted). Thus, Jerry's has failed to demonstrate reliance and the magistrate judge properly granted Tamko summary judgment on Jerry's fraud claims arising out of hand-sealing.

Jerry's also alleged in its amended complaint that Tamko engaged in fraud when it represented it would "take care of Jerry's and its customers." The magistrate judge dismissed the claim because Jerry's failed to demonstrate at the time the statement was made that Tamko had no intention to perform.

A statement of intent to perform a future act is actionable as fraud if the speaker had an existing intent not to perform. Robinson v. Perpetual Servs. Corp., 412 N.W.2d 562, 565 (Iowa 1987). The relevant circumstances to examine include the failure to perform, failure to attempt performance, repudiation of the promise soon after making it and the speaker's continued assurances after it is clear the speaker does not intended to perform. Magnusson Agency, 560 N.W.2d at 28; Robinson, 412 N.W.2d at 565-66; Lamasters v. Springer, 99 N.W.2d 300, 303 (Iowa 1959).

> [I]n establishing intent, the fact that an agreement was not performed does not alone prove that the promisor did not intend to keep the promise when it was made. In other words, a false statement innocently but mistakenly made will not establish intent to defraud unless the statement was recklessly asserted.

Magnusson Agency, 560 N.W.2d at 28 (internal citation omitted). Reviewing the adequacy of the performance of the promise–to take care of Jerry's and its customers–illustrates Tamko intended to perform and did perform to some degree.[2]

---

[2]Tamko's initial hand-sealing of thirty-six homes was effective on some, although not all, of the homes that reported problems. Further, the homes in which the hand-sealing was not effective and the additional homes with blow-off problems were offered two settlement options: cash settlement or re-roofing. In addition,

To the extent Jerry's argues it relied on the representations in deciding the manner to deal with its own customers, we hold no jury could find such reliance to be justified or reasonable. Reliance is justifiable if a person acting with reasonable and ordinary prudence and caution would have a right to rely on the representations. Kaiser Agr. Chemicals v. Ottumwa Prod. Credit Ass'n, 428 N.W.2d 681, 683 (Iowa Ct. App. 1988). The Iowa Supreme Court has held that a plaintiff could not prevail on a fraud claim "because [the] claimed reliance rests on what amounts to no more than informal, nonbinding predictions of future . . . action." City of McGregor v. Janett, 546 N.W.2d 616, 620 (Iowa 1996). As previously stated, Jerry's did not have the authority to dictate Tamko's response to warranty claims, therefore, the claimed reliance rests only on non-binding predictions of future actions, which are not actionable under a theory of fraud. See id.

II. Promissory Estoppel

Jerry's alleges the magistrate judge erred when it "adopted Tamko's restrictive view of Jerry's [promissory estoppel] claim and allowed the jury to consider only two narrow promises – (a) that Tamko in 1996 promised to repair or replace loose or blown-off shingles; and (b) that Tamko in 1997 promised to make settlement offers to homeowners." The magistrate judge's ruling was based upon finding that the more general statements were not clear and definite promises as required to support a claim for promissory estoppel.

Tamko contends that the jury instruction is not properly reviewed by this court because: (1) Jerry's has not appealed the magistrate judge's finding that Jerry's failed to prove the fourth element, which was reserved to the court: "injustice can be

_____

thirty-five second owner's had their roofs hand-sealed. Tamko's performance on the alleged promise, although not complete in its efficacy, precludes finding that at the time of the utterance Tamko had an existing intent not to perform. See, e.g., Robinson, 412 N.W.2d at 565.

-5-

avoided only by enforcement of the promise," <u>Schoff v. Combined Ins. Co. of Am.</u>, 604 N.W.2d 43, 49 (Iowa 1999); (2) Jerry's has not appealed the magistrate judge's post trial ruling that Tamko is entitled to judgment as a matter of law; and (3) Jerry's was not prejudiced by the instructions because the jury returned a verdict in its favor on the instructions given. <u>See</u> <u>Moore v. Robertson Fire Protection District</u>, 249 F.3d 786, 791 (8th Cir. 2001). Tamko conflates the issues addressed by the magistrate judge and the issue before this court. The claim Jerry's presently pursues differs from the claims that the magistrate judge addressed: Jerry's is appealing the more general "take care of Jerry's" representation and not the more specific promise to repair or make settlement offers, which were the subjects of the court's ruling on the fourth element, judgment as a matter of law and the jury's findings.

The magistrate judge ruled that as a matter of law the more general statements were not clear and definite promises as required to support a claim for promissory estoppel, thus, we exercise de novo review. <u>See</u> <u>United States v. Booker</u>, 269 F.3d 930, 931-32 (8th Cir. 2001); <u>Simmons Poultry Farms, Inc. v. Dayton Road Dev. Co.</u>, 82 F.3d 217, 220 (8th Cir. 1996); <u>see also</u> <u>City of McGregor</u>, 546 N.W.2d at 617. We need not address whether the statements are promises or representations, <u>see</u> <u>Schoff</u>, 604 N.W.2d at 51 ("Although we have serious reservations whether this statement constitutes a promise, we need not resolve that issue because any such 'promise' was not clear and definite . . . ."), because they are commensurate to those made in <u>Schoff</u>. <u>See also</u> <u>Neely v. Am. Family Mut. Ins. Co.</u>, 930 F. Supp. 360, 373-75 (N.D. Iowa 1996). The promises fail the clear and definite prong because they could not be understood to be an unambiguous, explicit promise to pay the damage incurred to Jerry's reputation as alleged. <u>See</u> <u>Schoff</u>, 604 N.W.2d at 51; <u>Neely</u>, 930 F. Supp. at 375.

III. Conclusion

We affirm the magistrate judge's ruling.

-6-

Judgment AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.