**Donald LAUBACH, Appellant,**

v.

**OTIS ELEVATOR COMPANY, Appellee.**

No. 93–4074.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Oct. 13, 1994.

Rehearing Denied Nov. 21, 1994.

Stephen Henry Ringkamp, St. Louis, MO, argued, for appellant.

George F. Kosta, St. Louis, MO, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

This is a personal injury case governed by the substantive law of Missouri. Federal subject-matter jurisdiction is based on diversity of citizenship. Donald Laubach, the home-state plaintiff, appeals an order of the District Court[1] denying his motion for a new trial after a jury returned a verdict in favor of Otis Elevator Company, the out-of-state defendant. Laubach claimed to have sustained spinal injuries when, on two separate occasions, an elevator in which he was riding fell several floors and stopped abruptly. The elevator, which was located at One Bell Center in St. Louis, was maintained by Otis. Laubach claims that the District Court erred by (1) excluding evidence of other incidents involving elevators at One Bell Center and (2) improperly instructing the jury with respect to the legal standards governing the question of Otis's liability. We affirm.

I.

Laubach argues that the District Court erred in excluding evidence of other elevator incidents at One Bell Center that he claims were similar to the one in which he was injured. Laubach contends that these incidents, listed in Plaintiff's Exhibits 50 and 51, should have been admitted for purposes of impeaching Otis's expert witness, proving negligence on the part of Otis, and proving that the One Bell Center elevators were dangerous.

We note initially that a district court has broad discretion in ruling on the admissibility of proffered evidence. *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 270 (8th Cir.1993). Accordingly, we will not disturb a district court's evidentiary ruling absent a

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

clear and prejudicial abuse of that discretion. *Dillon,* 986 F.2d at 270. Although Laubach was not allowed to introduce evidence of incidents relating to other elevators in One Bell Center, he was permitted to introduce evidence of incidents involving the elevator in which he was allegedly injured. Based on our review of Plaintiff's Exhibits 50 and 51, we are satisfied that, as Otis contends, the incidents Laubach sought to introduce are not "substantially similar" to the occurrence in which he was allegedly injured. *See Drabik v. Stanley–Bostitch, Inc.,* 997 F.2d 496, 508 (8th Cir.1993). Indeed, it neither appears nor does Laubach claim that any of the other elevator incidents involved sudden stops or resulted in even minor injuries to passengers. We find no abuse of discretion in the District Court's decision to exclude the evidence in question.

## II.

■ Laubach also claims that the District Court erred in its instructions to the jury regarding the applicable legal standards for determining whether Otis should be found liable to Laubach. Instruction No. 10, to which Laubach objected, read as follows:

The defendant in this case is not a guarantor or liable against [sic] any and all accidents and injuries that arise or occur by reason of the use of the elevator maintained by it. Nor·is there any duty upon the defendant to maintain the elevator in an "accident proof" or "foolproof" or "accident free condition."

Laubach argues that this instruction was intended for use only in product liability cases, and that issuing it in an ordinary negligence case in which the plaintiff proceeds on a theory of res ipsa loquitur, as Laubach did here, is tantamount to directing a verdict in favor of the defendant.

■ As is the case with evidentiary rulings, a district court has broad discretion in framing its instructions to the jury. *Sterkel v. Fruehauf Corp.,* 975 F.2d 528, 531 (8th Cir.1992). Accordingly, when reviewing a claim of instructional error, we consider the instructions in their entirety and determine whether, when read as a whole, the charge

fairly and adequately submits the issues to the jury. *Farmland Industries, Inc. v. Morrison–Quirk Grain Corp.,* 987 F.2d 1335, 1341 (8th Cir.1993). A single erroneous instruction will not necessarily require reversal. *Id.* at 1341.

We believe that Laubach misstates the import of Instruction No. 10 when that instruction is considered, not in isolation as he suggests, but in light of the entirety of the District Court's related instructions to the jury. Instruction No. 7 reads as follows:

Your verdict must be for plaintiff if you believe:

First, defendant Otis Elevator Company maintained and serviced the elevator, and

Second, the elevator made a sudden and unusual·stop, and

Third, from the facts in evidence and the reasonable inferences therefrom, you find that such occurrence was the direct result of defendant's negligence, and

Fourth, such negligence directly caused or directly contributed to cause damage to plaintiff.

This instruction fairly and adequately apprised the jury that Laubach sought to prove negligence on the part of Otis, and it clearly informed the jury of the findings that would require a verdict for Laubach.

Instruction No. 8 reads as follows:

Your verdict must be for defendant unless you believe defendant was negligent as submitted in the previous instruction and such negligence directly caused or directly contributed to cause damage to plaintiff.

This instruction reinforced Instruction No. 7 and again emphasized that a finding that Otis had been negligent was a necessary predicate to a verdict in Laubach's favor.

Instruction No. 9 reads as follows:

The term "negligent" or "negligence" as used in these instructions means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same·or similar circumstances.

This instruction defined negligence and in so doing informed the jury that Otis was re-

quired to exercise ordinary care in its maintenance of the One Bell Center elevators.

In light of Instructions Nos. 7, 8 and 9, we read Instruction No. 10 as merely proscribing the imputation of strict liability to Otis. When placed in context, instruction No. 10 can fairly be read as cautioning the jury that it was allowed to return a verdict in favor of Laubach only if he proved that Otis was negligent, and not merely because an accident occurred. The doctrine of res ipsa loquitur is not a mere shibboleth which, when uttered, relieves a plaintiff of the burden of showing that he would not have been injured absent negligence by the defendant. *See Cremeens v. Kree Institute of Electrolysis*, 689 S.W.2d 839, 842 (Mo.App.1985). Though Laubach argues to the contrary, the instruction, read in context, is not inconsistent with the doctrine of res ipsa loquitur. The instruction guarded against imposition of liability where there was no negligent conduct, while the res ipsa doctrine is concerned with inferring negligence where the specific negligent conduct cannot be identified. *See Graham v. Thompson*, 854 S.W.2d 797, 799 (Mo.App.1993); *Trefney v. National Super Markets, Inc.*, 803 S.W.2d 119, 121 (Mo.App.1990) We hold that the District Court's instructions, read as a whole, fairly and adequately apprised the jury of the law applicable to the case, and that the inclusion of Instruction No. 10 was proper. Moreover, even if it could be concluded that Instruction No. 10 should not have been given without adding to its text a statement of the defendant's duty to use ordinary care (which statement in fact appeared in the immediately preceding instruction defining negligence), we are satisfied that the error was, at most, harmless.

### III.

Having considered all of Laubach's arguments, we affirm the judgment of the District Court.