_____

No. 95-1084
_____

Edward McKeel,                         *
                                       *
        Plaintiff-Appellant,           *
                                       *
A. A. McKeel; Agatha McKeel,           *
                                       *
        Plaintiffs,                    *
                                       *
     v.                                *
                                       *
City of Pine Bluff,                    *      Appeal from the United States
                                       *      District Court for the
        Defendants-Appellees,          *      Eastern District of Arkansas.
                                       *
Lieutenant J. Seamans,                 *
individually and in his official*
capacity; Officer C. Cash,             *
individually and in his official*
capacity; Officer Johnny Irvin,  *
individually and in his official*
capacity; Captain Kenny Heroman,*
individually and in his official*
capacity;                              *
                                       *
        Defendants,                    *
                                       *
Southeast Arkansas Mental Health*
Center, Inc., a non-profit            *
corporation,                           *
                                       *
        Defendants-Appellees. *


_____

                Submitted:  September 11, 1995

                   Filed:  January 8, 1996
                _____

Before HANSEN, HEANEY, and MURPHY, Circuit Judges.
                _____


HANSEN, Circuit Judge.

Edward McKeel appeals the final judgment of the district court[1] after entry of a jury verdict in favor of the City of Pine Bluff and Southeast Arkansas Mental Health Center (SAMHC) (collectively "defendants") on his 42 U.S.C. § 1983 and medical malpractice claims. McKeel challenges the defendants' use of peremptory strikes, the district court's rulings with respect to several evidentiary issues, and the sufficiency of the evidence to support the jury's verdict in favor of the defendants. We affirm.

Edward McKeel is a diagnosed paranoid schizophrenic who was purportedly suffering an episode of paranoia on November 4, 1991, when he was involved in an incident at the McKeel family residence with Pine Bluff, Arkansas, police officers. Employees of SAMHC were also on hand that day at the McKeel family residence to assist the officers by rendering mental health services to McKeel, who was allegedly in an extremely agitated state. The incident culminated when McKeel was shot several times as he exited his bedroom while allegedly advancing toward a police officer with a hatchet raised.

McKeel filed this 42 U.S.C. § 1983 claim against the City of Pine Bluff and certain Pine Bluff police officers involved in the incident. He claimed that the officers used excessive force during their encounter with him and that the City of Pine Bluff inadequately trained its officers to deal with individuals suffering from mental illnesses. He also brought a medical malpractice claim against SAMHC, contending that SAMHC sent personnel to his residence who were not qualified to offer emergency services to individuals suffering from mental illnesses. The case proceeded to trial only against the City of Pine Bluff and SAMHC, and a jury rendered a verdict in favor of those defendants on all claims. McKeel appeals.

---

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

McKeel first argues that the defendants improperly used peremptory challenges to strike two black jurors because of their race, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Under Batson,

> once the opponent of a peremptory challenge has made out a prima facie case of discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination.

Purkett v. Elem, 115 S. Ct. 1769, 1770-71 (1995). At step 3 of the Batson framework, the opponent of the strike may demonstrate that the proffered reasons offered by the proponent of the strike are pretextual. United States v. Carr, 67 F.3d 171, 175 (8th Cir. 1995); see also United States v. Logan, 49 F.3d 352, 357 (8th Cir. 1995) (opponent of strike "may, but is not required to, show that the government's offered reason is pretextual."). "The ultimate burden of persuasion rests with, and never shifts from, the opponent of the strike." Elem v. Purkett, 64 F.3d 1195, 1198 (8th Cir. 1995). We review the district court's factual finding of whether peremptory challenges were impermissibly based on race under the clearly erroneous standard. Carr, 67 F.3d at 175.

In the instant case, the original venire panel included two black jurors. After defense counsel used peremptory challenges to strike both black jurors, McKeel objected, arguing that the jurors were struck on the basis of race.[2] Defense counsel responded that one black juror was struck because she worked with mental health patients, while the other black juror was struck because her facial expressions and body language indicated a hostility to the

---

[2]Before objecting, McKeel's counsel had pronounced the jury as it was comprised after the exercise of all peremptory challenges as acceptable to McKeel.

-3-

defendants.  The district court accepted these explanations and specifically found that the defendants' stated reasons for exercising the strikes were permissible.  The record shows that McKeel's counsel at no time offered or attempted to offer any argument or make any record that the proffered reasons were pretextual.

Although the opponent of a strike is not required to make any argument or offer any proof on the issue of pretext, such a failure may impact on whether that party has carried its burden of persuasion to show purposeful discrimination.  In fact, we have previously upheld findings by trial courts that opponents of peremptory strikes who made no objection or record with respect to pretext failed to carry their burden of persuasion to prove purposeful discrimination in the peremptory process.  See Carr, 67 F.3d at 176 (district court did not clearly err in finding that proffered reasons for strike were not pretextual where opponent did not argue pretext); Elem, 64 F.3d at 1201 (trial court's finding of no racial motive in making strike enjoyed fair support of record where opponent of strike did not argue pretext); Jones v. Jones, 938 F.2d 838, 844 (8th Cir. 1991) (trial court was not required to consider pretext when issue was not raised).  Without any showing by McKeel that the proffered reasons in this case were a mere pretext for racial discrimination, given the reasons and their context, we conclude that McKeel failed to establish purposeful discrimination in the use of his opponents' peremptory challenges.  Accordingly, we conclude that the district court's factual finding that the defendants' peremptory strikes were not impermissibly based upon race is not clearly erroneous.

McKeel next contends that the district court erred by refusing to admit into evidence certified documents from the Jefferson County Circuit Court Clerk's office that indicated the number of involuntary commitment petitions that had been filed over a period

of approximately three years.  McKeel claims that these documents were vital to establishing the frequency with which the Pine Bluff Police Department was involved in involuntary commitment proceedings, specifically to show how often the police encountered, or were involved in, situations in which individuals suffering from mental illnesses needed to be involuntarily committed.  The evidence, according to McKeel, was relevant to his failure-to-train claim against the City of Pine Bluff.  The district court excluded this evidence on the basis that it was irrelevant to the issues in the case.  We review this decision for an abuse of discretion. Laubach v. Otis Elevator Co., 37 F.3d 427, 428-29 (8th Cir. 1994).

After reviewing McKeel's offer of proof at trial with respect to these documents,[3] we conclude that the district court committed no abuse of discretion in excluding this evidence.  The documents apparently show only the number of involuntary commitment petitions that were filed over the course of an approximate three-year period.  The documents do not, however, delineate in which involuntary commitment proceedings, if any, the Pine Bluff Police Department played a role.  Thus, the documents do not make a fact of consequence more or less probable and are irrelevant. See Fed. R. Evid. 401.  The district court committed no abuse of discretion by refusing to admit these documents.

McKeel also argues that the district court erred by permitting defendant SAMHC to introduce medical records from his prior hospitalization in the Alton Mental Health Center in Illinois. McKeel contends that these documents were irrelevant because SAMHC was not aware of this prior hospitalization when its employees went to the McKeel residence, and thus any information contained in the

---

[3]These documents are not contained in the record on appeal and we are therefore reduced to determining from the trial transcript the nature and information contained in these documents.

records played no role in the employees' decisions concerning how to treat him.

However, in order to preserve this issue for appeal, McKeel was required to lodge an objection at trial. <u>See</u> Fed. R. Evid. 103(a)(1). At trial, when SAMHC offered the medical records into evidence, McKeel's counsel stated that he had "no objection." (Trial Tr. at 512.) McKeel's failure to object allows us to review the admission of the medical records only for plain error. <u>See</u> Fed. R. Evid. 103(d); <u>Kostelec v. State Farm Fire and Cas. Co.</u>, 64 F.3d 1220, 1229 (8th Cir. 1995). After carefully reviewing the record, we are satisfied that no error, plain or otherwise, resulted from the admission of these documents.

McKeel next argues that the district court erred by first interrupting his counsel during closing argument and thereafter forbidding counsel to refer to a previous order of the district court. In that order, the district court had ruled that a policy pursuant to which SAMHC had the Pine Bluff Police Department pick up mentally ill persons and take them into custody without obtaining prior judicial approval ("pick up policy"), irrespective of whether the situation was an emergency, was unconstitutional. McKeel's counsel mentioned the district court's order in opening statements, and the order itself was later admitted into evidence. However, during closing arguments, when McKeel's counsel referred to this order, the district court interrupted and stated, "I don't think that's an issue in this case." (Trial Tr. at 554.) The court set forth its belief that the only issues in the case were excessive force and failure to train. McKeel's counsel responded, "Thank you, your Honor," and continued with his closing argument without further interruption from the court and without making any contemporaneous objection or later record with respect to the court's comments or its refusal to permit further reference to the court's previous order. (<u>Id.</u> at 555.)

The district judge had held an on-the-record instruction conference with the attorneys prior to closing arguments. In that conference, the court submitted its proposed instructions which framed the issues succinctly, together with special interrogatories to assist the jury to determine the two issues submitted with respect to the City of Pine Bluff: (1) use of excessive force by its police officers, and (2) failure to train. McKeel's counsel made no objection to these instructions or to the interrogatories, nor did he object to the court's failure to give any instruction McKeel may have tendered. The district court instructed the jury before argument in this case and went over the interrogatories and the issues with the jury. Consequently, when the jury heard the closing arguments their attention had already been focused on the issues submitted for their consideration, and those issues did not include either the unconstitutionality of, or damages allegedly caused by, the "pick up policy." The question of the constitutionality of the "pick up policy" had been part of the prior class action portion of the case which was settled before McKeel's personal injury claims came on for trial.

Again, to preserve error on this issue, McKeel was required to object or in some manner indicate to the court that he disputed the court's ruling on this issue. See Fed. R. Evid. 103(a). By simply continuing with closing argument, without an objection in the record, we are left to review this issue for plain error. See Fed. R. Evid. 103(d). Because no issue concerning the policy was going to be presented to the jury for its determination by the agreed-upon instructions, we conclude that no plain error occurred when the court kept counsel's argument confined to the issues properly before the jury.[4]

---

[4]McKeel also appears to argue, although it is not stated explicitly or with complete clarity in his brief, that the district court, by first interrupting counsel and then by its subsequent statements, improperly commented on the evidence, and

-7-

Finally, McKeel argues that the jury verdict was contrary to the substantial evidence in the case which, he alleges, clearly establishes liability on the part of each defendant. He asks us to direct a verdict in his favor against the defendants and to remand this case for a hearing in order to determine the appropriate measure of damages. Alternatively, should we decline to find this argument persuasive, McKeel requests that we grant a new trial on all issues.

We cannot grant McKeel such relief, because he did not move for a new trial or judgment as a matter of law (JAML) at any juncture in the proceedings. See Catlett v. Local 7370 of the United Paper Workers Int'l Union, 69 F.3d 254, 258-59 (8th Cir. 1995) (JAML); Boone v. Moore, 980 F.2d 539, 542 n.3 (8th Cir. 1992) (JAML and new trial); Gopher Oil Co. v. Union Oil Co., 955 F.2d 519, 526 (8th Cir. 1992) (JAML). See also Fed. R. Civ. P. 50(b) and 59. Although we have noted the potential harshness of requiring such motions, see Catlett, 69 F.3d at 259, we have repeatedly held that these prerequisites must be satisfied before we can entertain claims for judgment as a matter of law or for a new trial. See id. (citing cases); Boone, 980 F.2d at 542 n.3. Finally, we have reviewed the record to see if the manifest injustice exception to Rule 50(b) applies, see Karjala v. Johns-Manville Prod. Corp., 523 F.2d 155, 157 (8th Cir. 1975), and have determined that it does not. Therefore McKeel's request for judgment as a matter of law or, alternatively, for a new trial, must fail.

Accordingly, we affirm the judgment of the district court.

---

in doing so, poisoned the jury against him. We disagree. The court's statements were brief and in no manner could be reasonably construed as impugning McKeel or his counsel.

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.