# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2598

_____

BRANDT DISTRIBUTING CO.,     *
INC., a Missouri Corporation,     *
   *
           Appellant,     *
   *
     v.     *    Appeal from the United States
   *    District Court for the Eastern
FEDERAL INSURANCE     *    District of Missouri.
COMPANY, an Indiana Insurance     *
Corporation,     *    [PUBLISHED]
   *
           Appellee.     *

_____

Submitted: March 16, 2001
Filed: April 25, 2001

_____

Before HANSEN and HEANEY, Circuit Judges, and FENNER,[1] District Judge.


FENNER, District Judge.

On March 6, 1996, a fire destroyed a two-story office building and adjoining warehouse in St. Louis, Missouri. The tenant of the building, Brandt Distributing Co., Inc. ("Brandt"), a distributor of coin-operated amusement equipment, filed a claim under its commercial insurance policy. The insurer, Federal Insurance Company

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

("Federal Insurance"), denied the claim because it believed that: (1) Brandt concealed or misrepresented its alleged involvement in causing the fire, and (2) Brandt was involved in intentionally causing the fire, either directly or indirectly. Federal Insurance relied upon the following provisions of the policy:

(1)     Insured's Duties in the Event of Loss or Damage

You must see to it the following are done in the event of a loss or damage: Cooperate with us in the investigation, settlement or handling of any claim. Authorize us to obtain records or reports necessary for our investigation. As often as may reasonably be required, permit us to inspect the property and examine your books and records.

This insurance is void if you or any other insured intentionally conceals or misrepresents any material fact or circumstance related to this insurance at any time.

(2)     Policy Exclusion

This insurance does not apply to loss or damage caused by or resulting from fraudulent, dishonest, or criminal acts or omissions committed alone or in collusion with others, by you, your partners, directors, trustees, and employees, or by anyone authorized to act for you or anyone to whom you have entrusted covered property for any purpose.

Brandt filed suit in Missouri state court to enforce the fire insurance policy, and Federal Insurance removed the case to the United States District Court for the Eastern District of Missouri based upon diversity jurisdiction. Brandt asserted claims under several provisions of the policy, including: (1) loss of the premises, (2) cost of conducting an inventory, (3) loss of inventory and stock, (4) loss of personal property, and (5) cost of the demolition and removal of debris.

Federal Insurance answered the complaint with the affirmative defenses, regarding each count, stating that: (1) the loss arose out of the intentional acts of Brandt, and (2) Brandt made material misrepresentations and concealed material facts relating to the insurance claim during Federal Insurance's examinations under oath, thereby voiding coverage under the policy. Federal Insurance included the actions and statements of Brandt's employees and/or others acting on its behalf as grounds for these defenses. Federal Insurance also filed a counterclaim seeking a declaratory judgment that Brandt's policy was void as of the date of the fire due to Brandt's alleged intentional concealment or misrepresentation of facts relating to the insurance.

After trial, the jury returned a verdict in favor of Federal Insurance. Thereafter, Brandt's Motion for New Trial was denied by the District Court, the Honorable E. Richard Webber presiding. We affirm.

On appeal, Brandt argues that the district court erred in instructing the jury that the burden of proof for Federal Insurance's affirmative defenses of arson and misrepresentation was by a greater weight of the evidence, and that the district court erred by failing to strike the testimony of a fire inspector from the St. Louis Fire Department that the fire was a "fraud" fire and "set for fraudulent purposes."

I.

Brandt argues first that the district court erred by instructing the jury that the burden of proof for Federal Insurance's defenses was the "greater weight of the evidence" standard, as opposed to the "clear and convincing" standard Brandt suggested. Brandt contends that Missouri law requires the "clear and convincing evidence" standard for civil cases involving allegations of fraud or other quasi-criminal wrongdoing under *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 110 (Mo. 1996).

In Missouri, it is well established that the burden of proof of an insurer is to prove its allegations of arson as a defense to coverage by a preponderance of the evidence. *McCreery v. Continental Ins. Co.*, 788 S.W.2d 307, 310 (Mo. App. 1990). Nonetheless, Brandt argues that *Rodriguez* changed the law and that the burden should be greater because the interests at stake reflect more than the loss of money, specifically the defendant's reputation. Brandt argues that the case at bar is the first one to address this issue since *Rodriguez*.

*Rodriguez* was a product liability case in which the Missouri Supreme Court held that for common law punitive damage claims the evidence must meet the clear and convincing standard of proof. *Rodriguez*, 936 S.W.2d at 111. In the course of discussing the standard of proof required for an award of punitive damages, the Missouri Supreme Court stated in its opinion that the clear and convincing standard is used in civil cases involving allegations of fraud or some other quasi-criminal wrongdoing by the defendant. The Missouri Supreme Court referenced that the interests at stake in those cases are deemed to be more substantial than mere loss of money and some jurisdictions accordingly reduce the risk to the defendant of having his reputation tarnished erroneously by increasing the plaintiff's burden of proof. *Id.* at 110 (citing *Addington v. Texas*, 441 U.S. 418, 423, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323, 329 (1979)).

Brandt's effort to gain support for its position by *Rodriguez*'s reference to *Addington* is not well founded. In *Addington,* the United States Supreme Court reviewed an appellate court's opinion which held that the proper standard of proof in a civil commitment case involving a mentally ill person was "beyond a reasonable doubt." In addressing whether the standard for civil commitment should be beyond a reasonable doubt, preponderance of the evidence or an "intermediate standard, which usually employs some combination of the words 'clear,' 'cogent,' 'unequivocal,' and 'convincing,'" the Court held that the "intermediate standard" was applicable for civil commitments. The Court held as follows:

We have concluded that the reasonable doubt standard is inappropriate in civil commitment proceedings because, given the uncertainty of psychiatric diagnosis, it may impose a burden the state cannot meet and thereby erect an unreasonable barrier to needed medical treatment. Similarly, we conclude that use of the term "unequivocal" is not constitutionally required, although the states are free to use that standard. To meet due process demands, the standard has to inform the fact finder that the proof must be greater than the preponderance-of-the-evidence standard applicable to other categories of civil cases.

*Id*. at 432-33.

By way of dictum, the United States Supreme Court went on to state that:

One typical use of the [intermediate] standard is in civil cases involving allegations of fraud or some other quasi-criminal allegations of fraud or some other quasi-criminal wrongdoing by the defendant. The interests at stake in those cases are deemed to be more substantial than mere loss of money and some jurisdictions accordingly reduce the risk to the defendant of having his reputation tarnished erroneously by increasing the plaintiff's burden of proof.

*Id*. at 424. The United States Supreme Court provided no cases to support this general statement. Rather, the Court cited authority applying the clear and convincing evidence standard in deportation and denaturalization cases. *Id*. at 424. This dicta in *Addington* does not support Brandt's position that *Rodriguez* changed the burden of proof for an insurer to prove arson in Missouri.

In *Rodriguez*, the Missouri Supreme Court explained that punitive damages "are imposed for the purpose of punishment and deterrence." *Rodriguez*, 936 S.W.2d at 110. Thus, punitive damages are like other cases requiring the clear and convincing standard of proof: the remedy is so extraordinary or harsh that it should be applied only sparingly.

Missouri courts have given no indication that *Rodriguez* applies to any claim other than one for punitive damages. The preponderance of evidence instruction in Missouri, MAI 3.01, has not changed after *Rodriguez,* except with regard to claims of punitive damages. MAI 3.01, Notes on Use.

Furthermore, the case at bar was submitted to the jury on three defenses, including failure to cooperate. Since the jury returned a general verdict which does not specify upon which count or counts the jury found in favor of defendant, the jury may have simply found that Brandt failed to cooperate with Federal Insurance. Such a determination was clearly supported by the record.

Brandt's first point is denied.

II.

Brandt argues next that the district court erred in failing to grant its motion to strike the testimony of Captain Ronald Gronemeyer of the St. Louis Fire Department that the fire was a "fraud fire." Brandt argues that the district court erred by allowing Captain Gronemeyer's testimony that the fire was typical of a "fraud fire" and "set for fraudulent purposes" because it was an opinion that was not disclosed as required by Fed. R. Civ. P. 26(a)(2)(B) and was an impermissible conclusion that invaded the province of the jury. Brandt argues that Captain Gronemeyer's statements were opinions of the fire captain which were not disclosed in his report, said report was factual in nature, and it concluded only that the fire was incendiary in origin. Brandt contends that Fed. R. Civ. P. 37(c)(1) forbids a party from using such an undisclosed opinion at trial.

Rule 37(c) provides, in pertinent part, as follows:

(1)  A party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . information not so disclosed.

As relevant herein, Rule 26(a) requires disclosure of the identity of persons likely to have discoverable information relevant to disputed facts, a copy of all documents relevant to disputed facts in the party's possession or control and the identity of any person who may be used to present expert testimony. In addition, Rule 26(a)(2)(B) requires an expert report from any retained expert.

There was no violation of Rule 37 or Rule 26 in the case at bar. Captain Gronemeyer conducted his investigation and prepared his report in his official capacity with the St. Louis Fire Department. Captain Gronemeyer's identity was disclosed to Brandt and a copy of his official report provided. He was not retained as an expert by Federal Insurance. Accordingly, nothing further was required of Federal Insurance under the Rules.

There was no dispute that the fire in question was an arson fire with three separate points of origin, each in an accounting area of Brandt's business. Captain Gronemeyer gave no opinion as to who might have started the fire. His testimony reflected that the circumstances weighed against other possible reasons for an arson fire such as a random act of vandalism or an act of revenge. Captain Gronemeyer's testimony was a logical inference from his report and lack of foundation is not argued. Captain Gronemeyer did not give an opinion as to who was responsible for the fire and his testimony did not usurp the province of the jury.

Brandt's second point is denied.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.