# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2954/3098

_____

Kimberly R. Crump, Susan W.     *
McKinley, Taryen R. Crump,     *
Michelle L. Govro, and Melissa     *
Crump Morris,     *
    *
      Appellants/Cross-Appellees,     *
    *
    *   Appeal from the United States
      v.     *   District Court for the
    *   Eastern District of Missouri
Versa Products, Inc.     *
and Sam's East, Inc.,     *
doing business as Sam's Club,     *
    *
      Appellees/Cross-Appellants.     *

_____

Submitted: December 13, 2004
Filed: March 18, 2005 (corrected 3/23/05)

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

On July 29, 1997, Forrest E. Crump died after falling from a ladder manufactured by Versa Products, Inc. and sold by Sam's East, Inc. Crump's family (the "Crumps") sued Versa and Sam's in state court, who removed the case to the

district court[1] due to diversity.  After a two-week jury trial, the Crumps submitted on strict liability design defect, and negligent failure to warn.  The jury found for the defendants.

Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

## I.

The Crumps' first two points address jury instruction No. 16, asserting that defense counsel changed the wording of the instruction so it misstated Missouri law, without notifying the court or Crumps' counsel.  Accordingly, the Crumps request a new trial for either the erroneous instruction or the alleged misconduct.  The third point challenges the trial court's exclusion of other "substantially similar" accidents.  Finally, the Crumps claim the district court improperly admitted testimony of two defense experts.

The "Versaladder" uses a patented hinge – the "Automatically Interlockable Hinge Fitting."  The Versaladder includes several such hinges, allowing for various configurations. The Crumps allege the hinges unlock unexpectedly, and a user cannot visually check if the hinges are locked.

Neither party objects on appeal to the application of Missouri law to the products liability issues in this case.  In *Keener v. Dayton Electric Manufacturing Company*, 445 S.W.2d 362, 364 (Mo. 1969), Missouri "adopted the rule of strict liability in defective product claims as defined in Restatement (Second) of Torts § 402A."  *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 438-39 (Mo. banc 2002), *citing* *Lippard v. Houdaille Indus., Inc.*, 715 S.W.2d 491, 492 (Mo. banc 1986), *and* *Blevins v. Cushman*, 551 S.W.2d 602, 606 (Mo. banc 1977).  This rule

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

causes a person who sells a product "in a defective condition [un]reasonably dangerous to the user or consumer" to be liable to the ultimate user or consumer for any harm caused by use of the product if "(a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

*Gramex*, 89 S.W.3d at 439, *quoting* *Keener*, 445 S.W.2d at 364.

The district court gave instruction 16:

The defendants in this case are not guarantors against or liable for any and all accidents and injuries that arise or occur by reason of the use of the ladder.  Nor is there a duty upon the Defendants to sell a ladder which is "accident proof" or "fool proof."  What the defendants are required to do is sell a product free from defective and unreasonably dangerous condition.

In submitting instruction 16, Versa and Sam's cited "82.08 Devitt, Blackmar & Wolff" and cases, including *Laubach v. Otis Elevator Co.*, 37 F.3d 427, 429 (8th Cir. 1994).

The Crumps claim instruction 16 misstates Missouri law.  The parties dispute whether the Crumps preserved this error for appeal, and whether Versa and Sam's attorneys committed misconduct.  In view of the disposition below, this court assumes preservation and addresses the merits of the instruction. *See* *Commercial Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 643 (8th Cir. 1995).  Reviewing for abuse of discretion, this court determines "whether the instructions fairly and adequately submitted the issues to the jury." *Bennett v. Hidden Valley Golf and Ski, Inc.*, 318 F.3d 868, 873 (8th Cir. 2003) (citation omitted).  "In this diversity case, Missouri law applies to the substance of the instructions, while federal

law 'governs our review of the discretion exercised in refusing or admitting such instructions.'" *Id.* (citation omitted).

The Crumps argue that the first and second sentences of instruction 16 conflict with *Nesselrode v. Executive Beechcraft, Inc.*, 707 S.W.2d 371 (Mo. banc 1986). Strict products liability extends to "reasonably anticipated use . . . includ[ing] misuse and abnormal use, which is objectively foreseeable." *Id.* at 381. A product "is actionable if dangerous to an extent beyond that which would be contemplated by the ordinary consumer, who either purchases it or uses it, with the ordinary knowledge common to the community as to its characteristics." *Id.* at 376. "[T]he jury gives this concept content by applying their collective intelligence and experience to the broad evidentiary spectrum of facts and circumstances presented by the parties." *Id.* at 378. Still, "strict tort liability is not, nor was it ever intended to be, an enveloping net of absolute liability." *See id.* at 375.

The Crumps assert that instruction 16 omits the concepts that "reasonably anticipated use" can include "misuse," and that sellers must protect against accidental and foolish uses that are objectively foreseeable. *See Nesselrode*, 707 S.W.2d at 381. This court agrees that the first and second sentences of instruction 16, in isolation, do not capture that Missouri leaves the definition of "unreasonably dangerous" to the jury, and allows recovery for misuse that is foreseeable or reasonably anticipated.

Nevertheless, jury instructions must be read together and viewed in their entirety. *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 904 (8th Cir. 1985); *Laubach*, 37 F.3d at 429. "The test is not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine those issues." *Westborough Mall, Inc.,v. City of Cape Girardeau, Mo.*, 794 F.2d 330, 335 (8th Cir. 1986).

-4-

The Crumps acknowledge that the third sentence of instruction 16, "What defendants are required to do is sell a product free from defective and unreasonably dangerous conditions," correctly states Missouri law. The Crumps also concede that instructions 17 and 18 state the standard for imposing strict liability under Missouri law, following Missouri Approved Instructions 25.04 and 19.01. Instruction 17 reads:

> Your verdict must be for the plaintiffs on their claim for products liability against defendant Versa products [sic], Inc. if you believe:
>
> First, defendant Versa Products, Inc. sold the Versaladder in the course of defendant's business, and
>
> Second, the Versaladder was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and
>
> Third, the Versaladder was used in a manner reasonably anticipated, and
>
> Fourth, such defective condition that existed when the Versaladder was sold directly caused or directly contributed to cause damage to plaintiffs.[2]

Under instructions 17 and 18, the jury determines whether the product was unreasonably dangerous when used in a manner reasonably anticipated. Instruction 16 – read together with 17 and 18 – permits the jury to find for the Crumps even if it believes the Versaladder was used accidently or foolishly. In context, instruction 16 reflects Missouri's doctrine that strict liability is not absolute liability. *See Nesselrode*, 707 S.W.2d at 375.

---

[2]Instruction 18 is identical to 17, except for the defendant's name.

-5-

In *Laubach* – a res ipsa loquitor case – this court held that an instruction similar to instruction 16, "[w]hen placed in context . . . can fairly be read as cautioning the jury that it was allowed to return a verdict in favor of Laubach only if he proved that Otis was negligent, and *not merely because an accident occurred*."[3] ***Laubach***, 37 F.3d at 430 (emphasis added). In both *Laubach* and this case, the challenged instruction, in context, requires more than an injured party in order to impose liability. The instructions in *Laubach* required that the jury find negligence, while here, the instructions require the jury find the ladder "unreasonably dangerous."[4]

The Crumps also object that instruction 16 misstates the law as to their failure-to-warn claim submitted in instruction 19, because instruction 16 misleads the jury as to the scope of the risks about which defendants must warn. To the contrary, instruction 19 – the verdict director for failure-to-warn, based on Missouri Approved Instructions 25.09 and 19.01 – specifies the precise risks about which Versa allegedly must warn. The terms "defective" and "unreasonably dangerous" do not appear in instruction 19.

Accordingly, this court finds the instructions, in total, fairly and adequately submitted the issues of strict product liability and failure-to-warn. *See* ***Bennett****,* 318 F.3d at 873. In context, there is no error.

---

[3]The *Laubach* instruction read: "The defendant in this case is not a guarantor or liable against [sic] any and all accidents and injuries that arise or occur by reason of the use of the elevator maintained by it. Nor is there any duty upon the defendant to maintain the elevator in an 'accident proof' or 'fool proof' or 'accident free condition.'" ***Laubach***, 37 F.3d at 429.

[4]The plaintiff in *Laubach* actually complained that the instruction "was tantamount to directing a verdict in favor of the defendant" because such language was intended for use in product liability cases. ***Id.***

The Crumps next challenge the district court's excluding 44 other incidents of alleged hinge failure of the Versaladder. Admissibility of evidence is reviewed for abuse of discretion. ***Drabik v. Stanley-Bostitch, Inc.***, 997 F.2d 496, 508 (8th Cir. 1993).

Although evidence of substantially similar incidents may be admitted in a products liability case, "evidence of other injuries may also raise extraneous controversial points, lead to a confusion of issues, and present undue prejudice disproportionate to its usefulness." ***Id.*** (citation omitted).

Mr. Crump's incident occurred on July 28, 1997, with the ladder in a straight configuration. The district court allowed evidence of incidents before July 28, 1997, with the ladder in a straight position. The district court excluded 44 other incidents, which occurred either after that date or with the ladder in other than a straight position. Although these 44 incidents also involved alleged hinge failure, the district court did not abuse its discretion in excluding evidence of them.

Additionally, the Crumps contend defense counsel improperly inferred in closing argument that only 22 allegations of hinge failure had ever been reported. Because the Crumps failed to object then, this court reviews for plain error. *See* ***Pavlik v. Cargill, Inc.***, 9 F.3d 710, 715 (8th Cir. 1993). Based upon the evidence of the 22 substantially similar incidents, this court does not find the claimed errors affected the substantial rights of the parties, created undue prejudice or irreparably tainted the proceeding. *See* ***Hoffer v. Mack Trucks, Inc.***, 981 F.2d 377, 384-85 (8th Cir. 1992), *citing* ***Matthews v. CTI Container Transp. Int'l, Inc.***, 871 F.2d 270, 278 (2nd Cir. 1989).

Finally, the Crumps challenge the admission of the video testimony and testing of John E. Johnson and John D. Hatfield, claiming defense counsel failed to disclose the witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2)(b). Again,

this court does not disturb an evidentiary ruling absent a clear and prejudicial abuse of the trial court's discretion. *Dillon v. Nissan Motor Co.*, *Ltd.*, 986 F.2d 263, 270 (8th Cir. 1993).

Rule 26(a) requires disclosure of each individual likely to have discoverable information, providing a copy of all relevant documents in the party's possession or control, and identifying any person who may be used to present expert testimony. **Fed. R. Civ. P. 26(a)**. Disclosure of any retained witness, or person "specially employed to provide expert testimony in the case whose duties as an employee of the party regularly involve giving expert testimony," must "be accompanied by a written report prepared and signed by the witnesses." **Fed. R. Civ. P. 26(a)(2)(B)**. Failure to disclose an expert witness required by rule 26(a)(2)(B) can justify exclusion of testimony at trial. **Fed. R. Civ. P. 37(c)(1)**.

Johnson and Hatfield testified for Versa in prior lawsuits, but were not retained by Versa for analysis of the Crump case. Versa sought to introduce their testimony only after the Crumps' expert, Joseph G. Leane, identified Johnson as a "peer" who supported Leane's theories. Versa claims that Johnson and Hatfield were non-retained experts, and thus rule 26(a)(2)(B) disclosures were not required. *See **Brandt Distrib. Co., Inc. v. Fed. Ins. Co.***, 247 F.3d 822, 825 (8th Cir. 2001).

Even if the experts were retained by Versa, the Crumps show no prejudice from inadequate disclosure. *See* **Fed. R. Civ. P. 37(c)(1)** (use of non-disclosed information may still be admitted if "failure [to disclose] is harmless"). During discovery, Versa provided the Crumps with each expert's resume, Hatfield's report, and made each available for deposition. The Crumps' expert revealed in deposition his familiarity with Johnson and Hatfield's testing and theories. Leane clearly had reviewed and possessed before trial Hatfield and Johnson's testing results and reports, videos and

depositions. The district court, therefore, did not abuse its discretion in admitting the testimony of Hatfield and Johnson.

## II.

Versa cross-appeals, inter alia, the district court's denial of discovery sanctions under Federal Rule of Civil Procedure 37. This court reviews for an abuse of discretion. *See Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). Versa argues that the Crumps sought irrelevant and inadmissible evidence, outside the bounds of permissible discovery, by pursing information about all previous lawsuits against Versa Products, Inc. *See* **Fed. R. Civ. P. 26**. During discovery, the district court defined the "substantially similar" incidents that would be admissible. While the parties differed in identifying "substantially similar" incidents, Versa could not unilaterally define "substantially similar" to limit the Crumps' discovery. The Crumps rightfully pursued information, not privileged, "reasonably calculated to lead to the discovery of admissible evidence." **Fed. R. Civ. P. 26(b)(1)**. Thus, the district court did not abuse its discretion by denying discovery sanctions.

The judgment of the district court is affirmed, and all remaining points raised in the cross-appeal are dismissed as moot.

_____