# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1218
_____

Derrick Lamont Booth

*Plaintiff - Appellant*

v.

Wendy Kelley, (originally named Ryan Baker)

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: January 11, 2018
Filed: February 21, 2018

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Derrick Lamont Booth appeals from the district court's[1] denial of his petition for a writ of habeas corpus with respect to his Arkansas arson conviction. Booth

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

raises several theories of ineffective assistance of counsel, but we review only the issue identified in the district court's certificate of appealability: whether trial counsel was ineffective for failing to challenge expert testimony that Booth was a suspect. See Carter v. Hopkins, 151 F.3d 872, 874 (8th Cir. 1998) ("[A]ppellate review is limited to the issues specified in the certificate of appealability."). We affirm.

On October 5, 2012, the Little Rock, Arkansas Fire Department responded to a house fire. Firefighters determined that the fire started in a pile of clothing in a bedroom, but found no ignition source. Fire Marshal Ryan Baker was called to investigate. He noted that the house was in disarray and a glass dining room table had been shattered. He also interviewed the homeowner, Booth's estranged wife, who shared a series of vulgar, threatening text messages sent to her from Booth on the day of the fire. In one message, Booth admitted to shattering the table.

At Booth's trial, the State presented Fire Marshal Baker as an expert, who testified that the fire was caused by human involvement. When the State asked him if he was able to develop a suspect as a result of his investigation, Fire Marshal Baker responded, "I was," and named "the defendant." Defense counsel did not object. The jury found Booth guilty of arson, and he was sentenced to 12 years imprisonment. Booth's conviction and sentence were affirmed on direct appeal. Booth's petition for post-conviction relief was denied on procedural grounds, and he failed to timely appeal.

Booth then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging, in relevant part, ineffective assistance of counsel. Although Booth did not raise ineffective assistance of counsel in the state courts, the district court found that his procedural default should be excused under Martinez v. Ryan, 566 U.S. 1 (2012), and ordered an evidentiary hearing. Following the evidentiary hearing, the magistrate judge recommended denying the writ but issuing a certificate of appealability as to "the issue of whether trial counsel was ineffective for failing to

challenge Fire Marshal Baker's testimony that, from his investigation, he was able to develop [Booth] as a suspect." See 28 U.S.C. § 2253(c)(3) (certificate of appealability must state "specific issue or issues" for appeal). The magistrate judge reasoned that Fire Marshal Baker did not state Booth caused the fire, but "merely noted that . . . he developed [Booth] as a suspect." Even if trial counsel performed deficiently for failing to challenge Fire Marshall Baker's testimony, the magistrate judge concluded, no prejudice occurred because there was ample evidence from which the jury could find Booth committed the crime. The district court adopted the magistrate judge's proposed findings and recommendations in their entirety.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must establish two prongs: (1) "that counsel's performance was deficient" and (2) "that deficient performance prejudiced the defense . . . [so] as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Our review of counsel's performance is "highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Upon reviewing Booth's ineffective assistance of counsel claim de novo, New v. United States, 652 F.3d 949, 952 (8th Cir. 2011), we find he has failed to establish either prong.

Booth alleges that Fire Marshal Baker's testimony that he developed Booth as a suspect went beyond the bounds of proper expert testimony and thus trial counsel was ineffective for failing to challenge it. The Arkansas Rules of Evidence allow for expert testimony "in the form of an opinion or otherwise" if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Ark. R. Evid. 702.[2] An expert qualified as a fire investigator may testify as to his opinion on the fire's origin and possible causes based on evidence. Weisgram v. Marley Co.,

---

[2] Because the Arkansas Rules of Evidence "are based upon the federal rules of evidence . . . cases interpreting the federal rules are helpful in analysis of the Arkansas rules." Smithey v. State, 602 S.W.2d 676, 680 (Ark. 1980).

169 F.3d 514, 519 (8th Cir. 1999). A fire investigator does not, however, have "free rein" to testify to theories not supported by evidence. Id. Moreover, we have suggested that a fire investigator should not "usurp the providence of the jury" by testifying as to who caused the fire. See Brandt Distrib. Co. v. Fed. Ins. Co., 247 F.3d 822, 826 (8th Cir. 2001).

Here, Fire Marshal Baker did not testify that Booth caused the fire, but rather that he developed Booth as a suspect based on his investigation. This testimony was not unfounded speculation, Weisgram, 169 F.3d at 519, nor did it improperly "usurp the providence of the jury," Brandt Distrib., 247 F.3d at 826. We therefore find that trial counsel's choice not to challenge this testimony did not render his performance deficient.

Even if counsel's performance were deficient, Booth has not shown prejudice. To establish prejudice, Booth must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Booth claims that Fire Marshal Baker's testimony influenced the jury. But, the fact that Booth was a suspect would have hardly been news to a jury summoned to determine his guilt or innocence at trial. And, simply showing that the testimony "had some conceivable effect on the outcome of the proceeding" is not enough to establish prejudice. Id. at 693.

Booth alleges that without this testimony the jury would have acquitted him. However, this allegation is belied by the circumstantial evidence of Booth's guilt that was presented to the jury at trial. Fire Marshal Baker testified that the fire was caused by human involvement, and there was evidence that Booth was in the home on the day of the fire and had sent vulgar, threatening text messages to his wife earlier that day—including one in which he admitted to shattering a glass dining room table. We therefore conclude that trial counsel's failure to challenge the testimony did not render "the result of the trial unreliable or the proceeding fundamentally unfair, as is required

-4-

before we can set aside a conviction on ineffective assistance of counsel grounds." Olesen v. Class, 164 F.3d 1096, 1102 (8th Cir. 1999) (internal quotation marks omitted).

For these reasons, we affirm the district court's denial of Booth's petition for a writ of habeas corpus.

_____